George **THIESS**, Appellant,

v.

The **DALLAS COUNTY STATE BANK**, Appellee.

No. 1088.

Court of Civil Appeals of Texas, Tyler.

March 9, 1978.

Rehearing Denied May 10, 1978.

A. Don Crowder, Crowder, Mattox & Morris, Dallas, for appellant.

William H. Shields, McCracken, Shields & Taylor, Carrollton, for appellee.

ON MOTION FOR REHEARING

McKAY, Justice.

We withdraw our earlier opinion delivered on January 24, 1978, and substitute this opinion in lieu thereof.

This is a summary judgment case in which the trial court granted the motion of appellee, The Dallas County State Bank, for

summary judgment on a promissory note against appellant, George Thiess. The note was in the sum of $115,000.00, with an offset of $14,295.91 in certificates of deposit which were applied against the note by the bank. The note was signed by appellant as President of Electro Research, Inc. and by him individually.

In his amended answer, in his response to the motion for summary judgment, and in his affidavit appellant alleges (1) that the note was a corporate indebtedness of Electro Research, Inc. and/or Chronex Watch Corporation, and his signature on the note was as agent for Electro Research, Inc.; (2) that the note was a renewal of an earlier corporate note which did not require his personal guarantee; (3) that the note was signed individually under duress; (4) that there was no consideration for the execution of the note because no new benefits flowed to him or to Electro Research, Inc., therefore, a failure of consideration; and (5) there was fraud in the inducement.

Although appellant assigns five points of error, we need only discuss point of error four.

By his fourth point of error appellant complains that there is insufficient summary judgment proof in that neither the original nor certified nor sworn copies of a pledge agreement referred to in appellee's motion and affidavit was attached to such motion or affidavit. In appellee's motion and in Hughes' affidavit in support thereof, after stating that appellant is entitled to an offset of $14,295.91, is found this language: "In accordance with the terms of the pledge agreement, the certificates of deposit were liquidated and applied against accrued interest due under the promissory note." While Rule 166–A(e) provides "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith," there were no sworn or certified copies of a pledge agreement or of certificates of deposit attached to appellee's motion or affidavit. The Supreme Court in *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962), held that one must specially except or else waive complaint of his adversary's failure to comply with Rule 166–A(e)

by not attaching or serving a verified or certified copy of the instrument. In *Youngstown*, however, the instrument referred to in the affidavit appeared in the summary judgment record as an attachment to the pleadings.

In the case at bar, there were no copies of the certificates of deposit or the pledge agreement anywhere in the record. Therefore, appellee has failed to comply with Rule 166–A(e), and summary judgment was improper. *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961); *Grierson v. Sreenan*, 560 S.W.2d 423 (Tex.Civ.App.-Beaumont 1977, no writ); *Schuster v. Reid*, 544 S.W.2d 800, 801 (Tex.Civ.App.-Austin 1976, no writ); *Jackson v. Randall*, 544 S.W.2d 439, 442 (Tex.Civ.App.-Texarkana 1976, no writ); *Mallory v. Dorothy Prinzhorn Real Estate*, 535 S.W.2d 371, 372 (Tex.Civ.App.-Eastland 1976, no writ).

Appellee's failure to attach the documents referred to in its affidavit is a failure to discharge its burden to demonstrate that it was entitled to judgment as a matter of law. Appellant's point four is sustained.

According, appellant's motion for rehearing is granted, the summary judgment is reversed, and the cause remanded to the district court.