Carl S. BURROWS, Appellant,

v.

Burl BOWDEN, Receiver for the First State Bank, Aransas Pass, Texas, Appellee.

No. 1239.

Court of Civil Appeals of Texas, Corpus Christi.

March 31, 1978.

John H. Akin, Pearce, Smith & Akin, Austin, for appellant.

Frank W. Nesbitt, Robert W. Johnson, Jr., Wood, Burney, Nesbitt & Ryan, Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

This is an appeal by writ of error from a default judgment, defendant having failed

to answer or appear, entered on a promissory note against appellant, defendant below, Carl S. Burrows in favor of Burl Bowden, receiver for the First State Bank, Aransas Pass, Texas. Appellant brings two points of error: 1) that the trial court erred in entering judgment on the pleadings, without hearing evidence, because appellee's claim was not "liquidated"; and 2) that appellant was unable to obtain a statement of facts and, thus, was entitled to a retrial of the cause.

After filing the original transcript to perfect his appeal, appellant filed a supplemental transcript which included the following: a stipulation signed by the attorneys for both parties that at the time the default judgment was taken, September 28, 1976, no evidence was offered in support thereof; an affidavit of the trial judge, the Honorable John H. Miller, which stated in pertinent part:

"I do recall such case. At the time the matter was presented to me, I examined the official court file and docket sheet. I examined the Plaintiff's pleadings, and citations on file therein. I examined the contents of the proposed judgment, and after examining same granted a Default Judgment to the Plaintiff in accordance with the proposed judgment.

At the time of the hearing of this case, my official court reporter was present in the courtroom. No official record was demanded or requested by any party, nor was a report of the proceedings necessary."

And the court reporter's affidavit stating, in essence, that he did not, nor did anyone else take down any transcription in the hearing of the instant case.

Appellee contends the court may not consider the affidavits or stipulation filed in this case and he relies upon *Rosenfeld v. Steelman*, 405 S.W.2d 301 (Tex.Sup.1966) and other cases which hold generally that a court of civil appeals may not review irregularities in the trial court upon submission of affidavits.

■ These cases are irrelevant to the papers filed in the instant supplemental transcript. The stipulation and affidavits do not relate to irregularities which a trial court should first consider before being presented to the court of civil appeals. Rather, the stipulation of counsel represents, in substance, an agreed statement of the case under Rule 378, T.R.C.P. The affidavits of the trial judge and court reporter are an expeditious and acceptable means of showing the court of civil appeals the absence of a statement of facts in the trial court's default judgment proceeding. See Rule 1, T.R.C.P. Such affidavits provide support for that which the attorneys have the power to stipulate to on appeal under Rule 378, supra. The Court in *Sherman v. Philips Industries, Inc.*, 560 S.W.2d 154 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ) recognized the use of this affidavit procedure.

■ Even if the supplemental transcript had not contained these documents, the facts contained therein would still be before this Court as uncontroverted facts in the appellant's original brief. Rule 419, T.R.C.P.

■ As to appellant's first point of error, that appellee's claim was unliquidated, the law is clear. Damages may not be assessed in a default judgment proceeding without presenting evidence unless the claim is liquidated; that is, when the amount due can with sufficient certainty be calculated by the Court solely from the instrument and the *factual*, as opposed to conclusory, allegations of the petition. Rules 241 and 243, T.R.C.P. *Hughes v. Jones*, 543 S.W.2d 885 (Tex.Civ.App.—El Paso 1976, no writ); *Hall v. C-F Employees Credit Union*, 536 S.W.2d 266 (Tex.Civ.App.—Texarkana 1976, no writ); *Freeman v. Leasing Associates, Inc.*, 503 S.W.2d 406 (Tex.Civ.App.—Houston [14th Dist.] no writ); *C & H Transportation Company, Inc. v. Wright*, 396 S.W.2d 443 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.).

Appellee's petition alleges that on November 4, 1969, appellant borrowed $150,-000.00 from appellee and executed a promissory note to repay this amount in $5,000.00

monthly installments. Moreover, appellee's petition provides in pertinent part:

"V.

That Defendant defaulted in the payment of said note marked EXHIBIT "A" by failing to make payments when due and owing on said note.

VI.

That Defendant is entitled to a lawful offset on said note marked EXHIBIT "A" in the amount of Forty-Four Thousand Five Hundred Seventy-five and 92/100 Dollars ($44,575.92) which said Defendant paid on the amount financed and for earned interest prior to default.

VII.

That Plaintiff is entitled to interest as provided in said note marked EXHIBIT "A" at ten per cent (10%) per annum on the balance due from date of default until judgment, and Plaintiff is entitled to interest at ten per cent (10%) per annum from the date of judgment until finally paid. Interest due and owing to Plaintiff on the note marked EXHIBIT "A" through February 19, 1974, is $38,-034.90. Interest accrues at the rate of $28.88 per day on said note.

VIII.

That as a result of said default and pursuant to said promissory note marked EXHIBIT "A", Plaintiff has been required to obtain the services of an attorney and Plaintiff has agreed to pay said attorney a reasonable fee for the collection of this indebtedness, said reasonable amount being ten per cent (10%) of the principal and interest owing by Defendant to Plaintiff at the time of judgment, as provided in said note marked EXHIBIT "A".

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that it have judgment and recover from Defendant the sum of ONE HUNDRED FIVE THOUSAND FOUR HUNDRED TWENTY-FOUR AND 08/100 DOLLARS ($105,424.08), together with interest thereon in the amount of Thirty-Eight Thousand Thirty-Four and 90/100 Dollars ($38,034.90) plus interest at the rate of ten per cent (10%) from and after February 19, 1974, until judgment and ten per cent (10%) of this total amount as attorneys' fees; and interest on the total amount of principal, interest and attorneys' fees at the rate of six per cent (6%) per annum from date of judgment until finally paid, and for all costs of court and for such other and further relief, both general and special, at law and in equity, to which plaintiff may be justly entitled."

We find that the instant petition states an unliquidated claim. Although appellee presents some novel methods for calculating the date of default, his petition does not state the date of default or indicate with sufficient certainty when the default occurred. *Hall v. C-F Employees Credit Union,* supra. Also, the petition merely presents a conclusory allegation as to the "lawful offset" to which appellant is entitled. Nowhere does the petition give the dates and amounts of payments; thus, the principal balance due is not sufficiently certain without further factual allegations or evidence as to the amounts of each payment. *Hughes v. Jones,* supra; *C & H Transportation Company, Inc. v. Wright,* supra. Because the principal balance due is uncertain, all other amounts, including interest and attorney's fees which are calculated on the basis of the unpaid balance and accrued interest could not be accurately calculated. Appellant's first point is sustained. Accordingly, we need not consider appellant's second point of error.

The judgment of the trial court is reversed and the cause is remanded for trial.