The DALLAS COUNTY STATE
BANK, Petitioner,

v.

George THIESS, Respondent.

No. B–7685.

Supreme Court of Texas.

Nov. 1, 1978.

Rehearing Denied Dec. 29, 1978.

McCracken, Shields & Taylor, William H. Shields and John R. Slimp, Carrollton, for petitioner.

Crowder, Mattox & Morris, A. Don Crowder, Dallas, for respondent.

PER CURIAM.

This suit originated when the Dallas County State Bank sought to collect on a delinquent promissory note. Thiess had previously guaranteed the note and had also signed a pledge agreement on certain certificates of deposit as collateral for the note. Before the Bank filed suit, it utilized this pledge agreement to offset some of Thiess' indebtedness.

The trial.court granted the Bank's motion for summary judgment and rendered judgment against Thiess. In its motion and the accompanying affidavits, the Bank asked for the face amount of the notes minus the amount it had offset by virtue of Thiess' pledge agreement. There was no dispute as to the validity of the pledge agreement, the right of the Bank to use it and the certificates of deposit to offset the debt; nor was there any dispute as to the final amount due as computed by the Bank. Additionally, there was no objection by Thiess to the fact that neither the pledge agreement, itself, nor a certified copy was attached to either the motion or the affidavits. The affidavits in support of the Bank's motion clearly mention the pledge agreement.

The court of civil appeals sitting in Tyler reversed the judgment of the trial court. 565 S.W.2d 82. Although the court of civil appeals had originally affirmed the trial court, it reversed the judgment on Motion for Rehearing because of the lack of the original or certified copy of the pledge agreement.

Rule 166–A(e) of the Texas Rules of Civil Procedure provides in part that "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." The court below reasoned that the affidavits mentioned the pledge agreement and did not include a copy of it; so the Bank did not satisfy Rule 166–A of the Texas Rules of Civil Procedure. We disagree.

■ The pledge agreement and the offset by the Bank are merely collateral matters in its suit against George Thiess. The offset and the pledge agreement which enabled the Bank to offset the amount due it are in the nature of affirmative defenses and would have had to have been raised by Thiess had the Bank not voluntarily reduced the amount owed it. *Chapman v. Tyler Bank & Trust Co.,* 396 S.W.2d 143 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.).

As this court stated in *Southwestern Fire and Casualty Co. v. Larue,* 367 S.W.2d 162 (Tex.1963):

Similarly, Rule 94 provides that other affirmative defenses including that of payment, fraud, release, and the statute of limitations must be affirmatively pleaded. Under Rule 94 and Rule 95 payment is thus an affirmative defense on which the defendant has the burden of proof . . . .

An offset by the Bank is such a payment which must be affirmatively pleaded. As such it is not an essential element of the Bank's suit against Thiess.

In *Southwestern Fire & Casualty Co. v. Larue, supra,* the company brought suit seeking $2,747.97 based upon a promissory note for $4,871.93. The trial court rendered a summary judgment for Southwestern Fire. The court of civil appeals reversed that judgment by holding that the difference between the sum sought and the sum due on the face of the note created an ambiguity and a fact issue. This court reversed that holding and affirmed the judgment of the trial court because the petition created no ambiguity in that the ". . . company could recover no more than the amount sued for, and the burden was upon Larue to prove payment or release of any further sums."

■ In the present case the Bank, by mention of the pledge agreements, explained the difference between the amount due on the face of the note and the amount for which it sued. While it is no doubt preferable that all documents be attached, in a case such as this where the missing documents do not pertain to an element of the movant's suit, and in reality are part of what should have been an affirmative defense, Rule 166–A(e) of the Texas Rules of Civil Procedure will not require a reversal when the movant fails to attach them.

We regard the decision in this case to be in conflict with *Southwestern Fire & Casualty v. Larue, supra.* Accordingly, the writ of error is granted; and without hearing oral argument, we reverse the judgment of the court of civil appeals and affirm the judgment of the trial court. Rule 483, Texas Rules of Civil Procedure.