Dan A. WATSON, Appellant,

v.

SHEPPARD FEDERAL CREDIT UNION, Appellee.

No. 18206.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 27, 1979.

Rehearing Denied Nov. 29, 1979.

James Q. Smith, Wichita Falls, for appellant.

Banner, McIntosh & Dobbs and Juanita Pavlick, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

Dan A. Watson, co-maker of an installment promissory note, by writ of error seeks to have the default judgment rendered against him reversed and remanded for new trial. He contends that he is entitled to this relief because no statement of facts is available because no record was made of the proceedings upon the default hearing.

We affirm the judgment insofar as it decrees Watson's liability upon the note and as to the amount for which he was found liable; we reverse and remand for a new trial the issue of the amount of Sheppard Federal Credit Union's entitlement as attorney's fees.

Our holding in this case is made in full awareness of the holding in *Burrows v. Bowden*, 564 S.W.2d 474 (Tex.Civ.App.— Corpus Christi 1978, no writ). Furthermore, our opinion is written after consideration of the *dicta* in the dissenting opinion of Chief Justice Calvert in *Southwestern Fire & Casualty Company v. Larue*, 367 S.W.2d 162, 167 (Tex.1963), a summary judgment case. The opinion of the majority in *Southwestern* was reaffirmed as to matters discussed in *Dallas County State Bank v. Thiess*, 575 S.W.2d 20 (Tex.1978), another summary judgment case. Therein was discussed the obligation of a defendant to a

suit on a note to affirmatively plead in order to avail himself of payment as a defense.

Here Sheppard Federal Credit Union brought its suit against Dan Watson, alleging that Watson, for value, executed and delivered to it an installment promissory note in the amount of $5,790.00. Sheppard further alleged that it is the present owner of the note and that Watson has defaulted thereon. Sheppard exercised its right to accelerate the installments due and alleged that after all payments and offsets and credits were given Watson, $2,339.12 was due, plus 10% interest thereon. Sheppard also sued for reasonable attorney's fees.

■ Watson, although served with process, defaulted. The trial court rendered a default judgment against him for $2,539.64 plus $850.00 attorney's fees. The difference between $2,539.64 and $2,339.12 represents $200.52 of interest. No record was made of the proceedings at the default judgment hearing and therefore the statement of facts to which Watson is entitled is not available. By writ of error Watson attacks the trial court's judgment, claiming that he is entitled to reversal because of the unavailability. We agreed that the general rule is that if through no fault or lack of diligence of an appealing party, he cannot secure a statement of facts, the proper action of the appellate court is to reverse and remand for a new trial. Sheppard contends that "Statement of the Evidence" signed by the trial judge and made a part of the transcript can serve as a statement of facts. We do not agree. An appealing party is entitled to a statement of facts in question and answer form. *Fisher v. First Security State Bank of Cranfills Gap, Texas*, 576 S.W.2d 886 (Tex.Civ.App.—Waco 1979, no writ); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App. —Dallas 1975, err. ref'd.).

■ As a general rule no evidence is required to support a default judgment because the defendant's failure to appear or answer is taken as admission of the allegations of the plaintiff's petition. Proof is required only with respect to damages that are unliquidated or not proved by a written instrument. *Gourmet, Inc. v. Hurley*, 552 S.W.2d 509 (Tex.Civ.App.—Dallas 1977, no writ). Here we deem the general rule to be applicable. Therefore, if no evidence is required to support the judgment Watson cannot secure reversal because no statement of facts is available on liability for liquidated damages. Of course what is above stated does not relate to the Sheppard award of attorney's fees. A demand for reasonable and necessary attorney's fees is for unliquidated damages. The award of such must be upon evidence in support of pleadings.

■ However, Watson claims that the damages in this case are unliquidated. We do not agree. The amount of the note is $5,790.00. The amount alleged by Sheppard to be due and owing thereon, as of October 18, 1977 is $2,339.12 plus interest as provided by the note on that amount from October 18, 1977. Assuming as existent questions about how the indebtedness alleged was calculated and whether all payments, credits, and offsets were allowed we nevertheless consider such questions immaterial. The Supreme Court in *Dallas County State Bank v. Thiess*, 575 S.W.2d 20 (Tex.1978) honored its prior opinion in *Southwestern Fire & Casualty Company v. Larue*, 367 S.W.2d 162 (Tex.1963) that a difference between the amount of indebtedness alleged to be due and the face amount of the note does not create an ambiguity or raise an issue of fact regarding payments credited. We conclude the allegation of indebtedness in the Sheppard pleadings to be upon a liquidated demand and that evidence was not necessary to support the default judgment granted by the trial court for anything other than proper attorney's fees.

There might be a different approach which, nevertheless, would lead to the same result. Should the plaintiff in such a case be penalized because willing to confess credits as proper to be made upon the face amount of the note? We think not. Here, if Sheppard had said nothing about any Watson entitlement which would reduce the original note amount, and had by its plead-

ings declared upon the full amount with nothing said to reduce the Watson liability, with Watson having said nothing by an answer filed, there would be no question but that it was entitled to a default judgment on that original amount. Here Sheppard, recognizing that it was not truly entitled to such original amount because Watson should have the benefit of proper credits, set out the fact that Watson should have credit and announced the amount (in that it stated facts which either directly stated the amount of the Watson entitlement or facts by which such entitlement might easily be calculated from its pleading). All of this was to the benefit of Watson and in no manner to his detriment, in effect relieving him of the responsibility to plead affirmatively, as a defense, the payment or entitlement to credit upon the original indebtedness by note.

Upon the proposition of the foregoing paragraph there would be proper application of Tex.R.Civ.P. 434, the Texas "harmless error rule". Watson could not be heard to complain of a benefit received. If a detriment was involved it would be to Sheppard's case and not Watson's defense. Under the circumstances the presumption to be made would be that if Sheppard had not by its pleading given Watson proper credit for payments, etc., the latter would have answered and filed a pleading showing his entitlement as an affirmative defense.

We affirm that portion of the trial court judgment which provides Sheppard's recovery of and from Watson $2,539.64 (balance alleged as due and owing plus interest). We reverse and remand for a new trial the portion of the judgment which awards attorney's fees.

SPURLOCK, J., dissents.

SPURLOCK, Justice, dissenting.

I respectfully dissent from that portion of the majority opinion which affirms the judgment of the trial court as to the amount due on the note. The basis for the dissent is that the indebtedness alleged in the plaintiff's petition cannot be readily calculated solely from the allegations in the petition. Therefore, I would conclude that the demand made is for unliquidated damages.

The pertinent allegations in the petition are as follows:

"The note provides that if the maker defaults in the payment of any installment that has become due, the entire unpaid principal amount of the note shall, at the option of the Plaintiff, become immediately due. Defendant defaulted on said note and Plaintiff elected to mature and accelerate said note after duly notifying Defendant of such acceleration and after the allowance of all just and lawful offsets, payments and credits to Defendant, the balance thereon of $2,339.12 as of October 18, 1977 plus interest thereon at the rate of 10% per annum from such date, is past due and unpaid and Defendant, though often requested to do so has heretofore failed and refused and still fails and refuses to pay same or any part thereof."

Attached to the petition and made a part thereof by reference was the note made the basis of this suit. Its pertinent parts are that it was dated March 8, 1977 in the sum of $5,790.00, payable in 42 installments of $169.52 and one installment of $32.38. It further provides "which includes principal and interest on the unpaid balances at the rate of 1 percent per month, both before and after maturity, the installments to be paid monthly" beginning April 20, 1977. It also provides for the payment of *reasonable* attorney's fees as a part of the collection expense.

The judgment awarded the plaintiff $850.00 attorney's fees.

Tex.R.Civ.P. 241 states that where a judgment by default is rendered against the defendant, if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court. Tex.R.Civ.P. 243 provides that if the action is for an unliquidated demand the court shall hear evidence of damages. The test of whether a demand is liquidated or unliquidated is whether the amount of damages

can be accurately calculated by the court from the instrument in writing and the allegations in the petition. Here the indebtedness alleged is less than the amount appearing on the face of the note. From the general allegation of the petition quoted above it is impossible to calculate the amount of the indebtedness with certainty. There is no allegation of what payments were made, when they were made and the amounts thereof. Further, the dates of default and acceleration are not alleged with specificity.

The allegations in this case are even more general than the allegations in *Burrows v. Bowden*, 564 S.W.2d 474 (Tex.Civ.App.— Corpus Christi 1978, no writ). There the court held that where the principal balance due on a note could not be calculated solely from the note and the pleadings because the pleadings were conclusory rather than factual, the demand was unliquidated and prevented the court from properly awarding damages upon default.

In *Southwestern Fire & Casualty Company v. Larue*, 367 S.W.2d 162, 167 (Tex.1963), a summary judgment case, in a majority opinion the judgment of the trial court granting the summary judgment was affirmed.

The majority affirmed the judgment because the defendant failed to assign a point of error on the grounds that the case should be reversed because the original of the note was not attached to the pleadings or to an affidavit in support of the motion.

In the dissenting opinion written by Chief Justice Calvert, he stated: "Thus, if Larue had defaulted in this case, the trial court could not have rendered the judgment it did render absent production in evidence of the note and testimony showing payments and credits supporting the judgment." He states that Tex.R.Civ.P. 241 applies.

He further stated that: "While all other elements of the plaintiff's claim are taken as confessed as alleged, the amount of the plaintiff's damages is not taken as confessed as alleged." Four justices dissented from the majority opinion.

It should be noted that in the rules governing summary judgments and default judgments there are differences apparent from an examination of the rules.

The trial court could not examine plaintiff's petition and determine the exact amount of damages. It follows that the petition did not state a liquidated demand and the court therefore could not assess damages under Tex.R.Civ.P. 241.

In this default judgment case liability is confessed. But because an unliquidated demand was made evidence of damages was required for the court to award damages under Tex.R.Civ.P. 243. The same is also true concerning "reasonable attorney's fees" since no fixed amount of attorney's fees was provided for in the note.

Because no record was made of the hearing and therefore no statement of facts is available, this case should be affirmed on the issue of liability and reversed and remanded for a trial on the issue of damages which includes the amount due on the note and the assessing of reasonable attorney's fees.

I agree with the majority that this cause should be reversed and remanded for a new trial on that portion of the judgment which awards attorney's fees.

I respectfully dissent.