Tom NETTLES d/b/a Nettles
Texaco, Appellant,

v.

DEL LINGCO OF HOUSTON, Appellee.

No. 08–81–00217–CV.

Court of Appeals of Texas,
El Paso.

Aug. 11, 1982.

Childress & Regnier, S. C. Childress, Houston, for appellant.

Phoebe Lester, Houston, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

This is an appeal by writ of error filed by Tom Nettles after a default judgment was entered against him in favor of Del Lingco of Houston as the plaintiff below, in a suit wherein it sought to recover a broker's commission for the sale of a business. Nettles seeks reversal complaining of his inability to obtain a statement of facts and that the plaintiff's petition was insufficient to support the default judgment. We deny the writ of error in part and grant in part.

The parties executed an exclusive listing agreement whereby Nettles agreed to pay Del Lingco a 10% commission for effecting the sale of Nettles Texaco, a gasoline filling station. Del Lingco then located a purchaser, and a contract of sale for the business at a minimum price of $58,533.20 was signed by both parties and the buyer. Later, Nettles obtained another purchaser for the station and refused to close the sale with the purchasers that Del Lingco had obtained. Del Lingco then demanded payment of its broker's commission in the amount of $5,853.00, and after refusal of Nettles to make that payment the present suit for this amount was brought. Plaintiff also asked for interest and attorney's fees. The trial court found that although Tom Nettles was duly served with process, he failed to appear or answer, but defaulted; and based on the listing contract and the contract of sale, Del Lingco was awarded judgment in the amount of $5,853.00 with interest at 6% from January 31, 1980, and reasonable attorney's fees in the sum of $1,460.00.

Petitioner's first point of error contends that the failure to have the court reporter record the testimony requires a new trial under the holding of *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978). Del Lingco responds by pointing out that its claim was liquidated and the *Rogers* line of cases does not apply. Rule 241, Tex.R.Civ.P., provides that where a judgment by default is rendered against a defendant and the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court or under its direction. No other evidence need be presented. As to this, the petitioner by its second point of error claims that Del Lingco's petition was insufficient to support the default judgment both as to the principal amount and as to the attorney's fees.

Del Lingco's original petition alleged that at all relevant times it was a real estate broker licensed by the State of Texas, and that on October 9, 1979, the two parties entered into an exclusive right of sale agreement for the sale of the gasoline service station, copy of the said agreement being attached and marked Exhibit A and made a part of the petition. Paragraph four of the petition is the critical part and reads as follows:

Pursuant to its employment as Broker, Plaintiff obtained the Purchasers to-wit: Partnership consisting of Jaw Horng Su and Yen Cheng Lin. On January 9, 1980, said Purchasers presented an Offer to Purchase which was accepted, as amended, by Defendant on January 14, 1980. Subsequently, Defendant obtained another Purchaser for a said station and refused to consummate the transaction set forth on Exhibit "B" attached hereto, and by reference made a part hereof. Further, Plaintiff says that Defendant has failed to consummate said secured transaction and has claimed to have taken the business "off the market". Notwithstanding said actions by the Defendant, Plaintiff has pursuant to the terms of

Exhibit "A" earned its commission in the amount of $5,853.00; that demand has been made therefore and payment refused all to Plaintiff's damage in said sum. Following that paragraph, Del Lingco alleged its entitlement to attorney's fees both under the terms of Exhibit A and the provisions of Article 2226 V.A.T.S., Exhibit A providing that in the event the broker sued because of a breach of that agreement, that Nettles would also pay a reasonable attorney fee.

■ Countering Del Lingco's argument that its claim was liquidated, the petitioner by its Point of Error No. Two argues that the petition in question was defective for the purposes of sustaining a default judgment since it fails to allege that the broker produced a purchaser "ready, able and willing" to buy the property and that each of those elements were necessary to state a cause of action on the broker's suit to recover a commission. *Cooper v. Wildman,* 528 S.W.2d 80 (Tex.Civ.App.—Corpus Christi 1975, no writ); 10 Tex.Jur.3d Brokers, Section 87. The quoted portion of the petition mentions that the prospective purchasers were ready and willing, but there is no specific mention made that they were able to buy. It does present a problem since there is authority that a pleading will not support a default judgment where an element of the cause of action is omitted. However, in this case where the completed listing agreement and the subsequent signed contract of sale were attached and made a part of the plaintiff's pleadings, the defect was overcome and the pleadings were sufficient to support the judgment under the reasoning made in *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979). There, the court stated the rule to be:

> While a petition which serves as the basis for a default judgment may be objectionable under Rule 90, the default judgment will be held erroneous only if (1) the petition (or other pleading of the non-defaulting party that seeks affirmative relief) does not attempt to state a cause of action that is within the jurisdiction of the court, or (2) the petition (or pleading for affirmative relief) does not give fair notice to the defendant of the claim asserted, or (3) the petition affirmatively discloses the invalidity of such claim. Likewise, an absent party will not be considered to have tried an unpled cause of action by implied consent under Rule 67 where fair notice of that cause of action is not in the pleadings.

Each of the three requirements were met by the pleadings before us, and it is our holding that the pleadings were sufficient to support the default judgment for the amount of $5,853.00 and interest.

■ The claim was liquidated and proved by instruments in writing attached to the petition. The listing contract provides that the petitioner would pay to the broker as commission 10% of the selling price accepted by the owner. The listing contract also provides that for the purposes of computing the commission due under this contract, "selling price" would include total consideration which would be paid for the property including but not limited to cash, assumption of existing debts, and execution of notes to the owner. The sales price of the business as shown by Exhibit B, which was the actual sales contract, showed the price to be $45,000.00 plus a minimum of $10,000.00 for the inventory and $3,533.20 by the assumption of two existing debts. Total sales price on which a commission was to be based was $58,533.20 and a 10% commission would thus be the amount of $5,853.00. Rule 241 applies as the amount of damages could be accurately calculated by the court or under its direction from the allegations contained in the plaintiff's petition and the two attached exhibits.

■ However, the two points of error insofar as they apply to attorney's fees will be sustained. The pleadings are insufficient to sustain a claim under Article 2226, Tex.Rev.Civ.Stat., since the pleadings fail to allege that Del Lingco presented the claim to Nettles, who in turn failed to tender the amount owing on the claim within thirty days after presentment. The burden of proof is on a plaintiff to plead and prove the presentment and the failure to

pay for the thirty days. *El Paso Moulding and Manufacturing Co., Inc. v. Southwest Forest Industries, Inc.,* 492 S.W.2d 331 (Tex. Civ.App.—El Paso 1973, writ ref'd n. r. e.). Thus, if attorney's fees were granted under the statute, we are required to reverse and remand. Recovery of reasonable attorney's fees under the terms of the contract would require proof, since reasonable attorney's fees as provided for in the contract are for an unliquidated amount. There being no record as to the reasonableness of the attorney's fees, we are required to reverse and remand for a new trial as to this part only if recovery were under the latter theory. *Wallace v. Snyder National Bank,* 527 S.W.2d 485 (Tex.Civ.App.—Eastland 1975, writ ref'd n. r. e.).

The claim of attorney's fees being a severable claim, we therefore sever the matter of attorney's fees, and as to that part the writ of error is granted. As to all other parts of the judgment, the writ of error is denied.