**STRA, INC., Ralph Strader and Bennett Rosenthal, Appellants,**

v.

**SEAFIRST COMMERCIAL CORPORATION, Appellee.**

No. 01–86–0633–CV.

Court of Appeals of Texas, Houston (1st Dist).

Feb. 5, 1987.

Rehearing Denied March 12, 1987.

Eugene B. Wilshire, Jr., Wilshire & Scott, Houston, for appellant.

Darryl W. Malone, William L. Yanger, Woodard, Hall & Primm, Houston, for appellee.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a post-answer default judgment obtained by appellee, Seafirst Commercial Corporation, against appellants, Stra, Inc., Ralph Strader, and Bennett Rosenthal for the deficiency balance on a promissory note.

Appellee filed suit seeking recovery against appellants based upon a promissory note, security agreement, and guaranty agreements executed by the individual appellants. Because the appellants failed to respond to several requests for discovery, the trial court entered an order for sanctions, disallowing appellants from introduc-

ing any defensive matters and striking all their responsive pleadings from the record. The appellants do not challenge the validity of this order.

On April 11, 1986, appellee served appellants' counsel by delivery service with notice of a hearing on appellee's motion for default judgment or, in the alternative, for judgment nihil dicit. This motion was subsequently filed on April 14, 1986, and a hearing was set for April 18, 1986. On the date of the hearing, appellants failed to attend, and the trial court proceeded to hear testimony from appellee's witness and counsel for appellee. At the conclusion of the hearing, the court granted a final judgment for appellee in the amount of $279,-873.53. The appellants filed a motion for new trial, which was denied. Appellants assert four points of error on this appeal.

Initially, appellants contend that the trial court erred in entering judgment in the amount of $279,873.53 because there was no evidence or insufficient evidence of the amount of appellee's unliquidated claim.

■ As a general rule, no evidence is required to support a default judgment because the defendant's failure to answer is taken as an admission of the allegations of the plaintiff's petition. When damages are liquidated, the rules of procedure contemplate that the plaintiff be awarded damages without the necessity of a hearing or the presentation of evidence. *Burrows v. Bowden,* 564 S.W.2d 474 (Tex.Civ.App.—Corpus Christi 1978, no writ). Proof is required only with respect to damages that are unliquidated or not proven by a written instrument. *Watson v. Sheppard Federal Credit Union,* 589 S.W.2d 742 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.). On the other hand, the plaintiff must present evidence of unliquidated damages, and this evidence must be both competent and consistent with the cause of action pled. Tex.R.Civ.P. 243; *Johnson v. Gisondi,* 627 S.W.2d 448 (Tex.App.—Houston [1st Dist.] 1981, no writ). Appellants claim that damages in this case are unliquidated. A claim is held to be liquidated under the rule permitting the trial court to assess damages after a default judgment if the

amount of damages can be accurately calculated by the court, or under its direction, from the allegations in the petition and the instrument in writing. *Freeman v. Leasing Associates, Inc.,* 503 S.W.2d 406 (Tex. Civ.App.—Houston [14th Dist.] 1973, no writ).

■ The total amount of the promissory note is $500,150.00. This note was attached to the first amended petition as Exhibit A. The amount alleged to be due under the note was $441,823.64 on April 19, 1985, plus interest and late charges for a total of $454,090.02. The note provided for thirty-five (35) installments of $6,946.53 on the 15th day of each month, commencing May 15, 1984, and the thirty-sixth (36) installment of the unpaid balance was due and payable on or before April 15, 1987. Interest on the unpaid principal balance was likewise due and payable on the 15th day of each month, commencing May 15, 1984, until the promissory note was paid in full. Interest, according to the note, was to be calculated at two-percent (2%) above the prime rate publicly announced by Seattle-First National Bank, Seattle, Washington, or Chase Manhattan, New York, New York. Testimony from an employee of appellee obtained at the hearing on the default judgment indicated a principal of $234,969.86 was due after an offset of $260,000 as proceeds from a foreclosure sale of the collateral securing the note. He further testified that $15,794.79 in out-of-pocket expenses (Sheriff's sale and fees), as prayed for by the appellee in its amended petition, were incurred as a result of this lawsuit; $2,351.43 in late charges, as provided by the note, were assessed; interest of $64,285.15 was due through the date of foreclosure, and interest of $1,757.45 was due between the date of the foreclosure, March 15, 1985, and the date of the hearing.

Appellants assert there is no evidence, or insufficient evidence, to sustain the judgment. Considering the pleadings, the note attached to the pleadings, the deemed admissions, and the testimony received at the hearing, we overrule appellants' no evidence point.

Next, we must determine whether there was sufficient evidence to support the default judgment. In *Burrows v. Bowden*, 564 S.W.2d at 476, the claim for the balance due on a promissory note was held to be unliquidated because the petition failed to state the date the default occurred and the dates and amounts of payments or offsets. However, in *Watson v. Sheppard*, 589 S.W.2d at 744, the balance due and owing on a promissory note was held to be liquidated. Questions regarding how the indebtedness alleged was calculated and whether all payments, credits, and offsets were allowed were considered immaterial. Citing the Texas Supreme Court in *Dallas County State Bank v. Thiess*, 575 S.W.2d 20 (Tex.1978), and *Southwestern Fire and Casualty Company v. Larue*, 367 S.W.2d 162 (Tex.1963), the appellate court in *Watson* stated, "that a difference between the amount of indebtedness alleged to be due and the face amount of the note does not create an ambiguity or raise an issue of fact regarding payments credited." In both *Burrows v. Bowden*, 564 S.W.2d at 474, and *Watson v. Sheppard*, 589 S.W.2d at 742, the issue of whether the claim was liquidated was critical because no evidence was presented at the hearing for the default judgment.

We conclude that the claim in the instant case is unliquidated because the amended petition fails to state the date of default and the amount of interest cannot be calculated based on the pleadings or the attached promissory note. The testimony from Dean Edward Haynes, an employee of appellee, indicated that the total due and owing excluding attorneys' fees, as evidenced by the books and records, was $254,873.53. The appellant admitted, by its failure to answer the requests for admissions propounded by appellee, that as of October 19, 1985, $470,077.87 was due and owing on the note and had not been paid. Darryl W. Malone, counsel for appellee, testified that a reasonable attorney's fee was $25,000. Consequently, we hold that, considering the factual allegations of the petition deemed admitted by appellants' failure to appear, the note, security agreement, and guaranty agreements attached to the petition, combined with the testimony of Haynes and Malone, the evidence is sufficient to support the amount awarded.

Appellants failed to request findings of fact and conclusions of law, and since there is evidence in the record to support the judgment, it is presumed that the trial judge found all facts necessary to sustain the judgment. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977).

Point of error one is overruled.

In their second point of error, appellants allege that the trial court erred in entering judgment because appellee failed to offer any evidence that its foreclosure was carried out in compliance with Tex.Bus. & Com.Code Ann. § 9.504 (Vernon Supp. 1986).

■ This provision provides that a secured party can sell collateral after a default, but he has the duty to proceed in a commercially reasonable manner and give the debtor notice of the sale. However, proof by the debtor that the creditor failed to give reasonable notice or conduct the sale in a commercially reasonable manner creates a question of fact. *Food City, Inc. v. Fleming Companies, Inc.*, 590 S.W.2d 754 (Tex.Civ.App.—San Antonio 1979, no writ). Typically, the burden of proof of the unreasonableness of the sale of the collateral is on the debtor. *Pruske v. National Bank of Commerce San Antonio*, 533 S.W.2d 931, 935 (Tex.Civ.App.—San Antonio 1976, no writ). However, the burden of proof has been placed on the secured party where the debtor has raised the issue in his pleadings, either by denying the plaintiff's assertions of commercial reasonableness or by allegations in the nature of an affirmative defense. *Sunjet, Inc. v. Ford Motor Credit Company*, 703 S.W.2d 285 (Tex. App.—Dallas 1985, no writ). Appellants did not raise the issue of commercial reasonableness of the sale at the trial court. Further, they would have been prohibited from raising this issue because the trial court's order for sanctions struck their pleadings.

■ The absence of compliance with the Tex.Bus. & Com.Code Ann. § 9.504 cre-

ates a rebuttable presumption that the value of the collateral equals the debt, *O'Neil v. Mack Trucks, Inc.*, 533 S.W.2d 832 (Tex. Civ.App.—El Paso 1975) *rev'd on other grounds*, 542 S.W.2d 112 (Tex.1976), *mandate recalled and re-issued*, 551 S.W.2d 32 (Tex.1977); and therefore, is an affirmative defense which could not be raised for the first time on appeal. *T.I.M.E., Inc. v. Maryland Casualty Company*, 157 Tex. 21, 300 S.W.2d 68 (1957). The appellants do not claim that they did not receive notice of the foreclosure sale but claim only that the record does not affirmatively reflect that they received it. The final judgment recites that the lien on the collateral was "validly foreclosed." Since findings of fact and conclusions of law were not requested, we presume the trial judge found the sale was commercially reasonable.

Point of error two is overruled.

In their third point of error, appellants claim that the pleadings of appellee fail to support the judgment. Appellants assert that the pleadings should have reflected that the foreclosure sale had taken place and that appellee complied with Tex.Bus. & Com.Code § 9.504.

 The record reflects that appellee in its amended petition sought judgment in the amount of the balance owing on the promissory note and for judicial foreclosure of its security interest in the collateral securing the note. In the prayer, appellee stated "that should the proceeds of the sale of the collateral not be sufficient to pay the Sheriff's costs and fees and the judgment, plaintiff be decreed a deficiency judgment for any amounts remaining unsatisfied." A default judgment will only be held erroneous if the petition or other pleading of the non-defaulting party does not attempt to state a cause of action that is within the jurisdiction of the court and fails to give fair notice of the claim asserted to the defendant. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.1979). The granting of a deficiency judgment by the court is sustained by the pleadings.

Appellant also contends that there are no pleadings to support the award of "special damages" such as late charges and expenses of the Sheriff's sale. The amended petition indicates the amount due on the promissory note was $441,823.64 as of April 19, 1985. Demand was made on the appellants "for the payment of the $454,090.02, which represents the above amount, together with accrued interest, late charges and prepayment penalties." The note, attached as Exhibit A to the amended petition, provided that "if not paid within 10 days after scheduled due date, the holder thereof may assess a late charge in the amount of 5% of the unpaid amount or the maximum permitted by law." Tex.R.Civ.P. 59 provides that "pleadings shall not be deemed defective because of the lack of any allegations which can be supplied from said exhibit." It is clear that appellee requested "Sheriff's costs and fees" in the prayer. Likewise, since the petition indicates an amount sought from appellants which includes late charges and the attached note provides for recovery of late charges, the pleadings do support these damages. Testimony was also entered into the record at the hearing on the default judgment that $2,351.43 had been incurred in late charges, and $15,794.79 had been incurred in expenses of the suit. Tex.R. Civ.P. 301 provides that "the judgment of the court shall conform to the pleadings, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or in equity."

 These damages, expenses of the sale and late charges, were supported by the evidence at the hearing and can be considered as issues tried by consent. Where, as in the instant case, the appellant does not lay a predicate for complaint on appeal in a motion for new trial, that special damages obtained by the appellee were not supported by the pleadings, the reviewing court treats these damages as supported by the evidence or as issues tried by consent. *Conway v. Irick*, 436 S.W.2d 219 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.).

Point of error three is overruled.

Appellants assert in their final point of error that seven days notice of the hearing

for default judgment was inadequate. They cite Tex.R.Civ.P. 245, which requires that the opposing party receive at least 10 days notice of the date of trial.

██ Once a defendant makes an appearance in the case, he is entitled to notice of the trial on damages, even though his pleadings have been stricken; and in the absence of such notice, a default judgment is reversible error. *Bass v. Duffey*, 620 S.W.2d 847 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). The record reflects that appellants did receive notice through their attorney of record on April 11, 1986. At the default hearing, the court admitted into evidence a signed delivery receipt, addressed to appellants' counsel, acknowledging delivery of an envelope containing the motion for default judgment, or in the alternative for judgment nihil dicit. This motion indicates the date, time, and place of the hearing. The hearing was held on April 18, 1986. Appellants allege that seven days notice was inadequate.

██ In appellant's motion for new trial, they alleged that they received no notice of the April 18, 1986, hearing. On appeal, they contend that they are entitled to ten days notice. The contention on appeal does not comport with their contention at the trial court. Further, the record reflects that notice was, in fact, given. An allegation that a party received less notice than required by statute does not present a jurisdictional question; and, therefore cannot be raised for the first time on appeal. *Delta (Delaware) Petroleum & Energy Corp. v. Houston Fishing Tools Co.*, 670 S.W.2d 295 (Tex.App.—Houston [1st Dist.] 1983, no writ).

Point of error four is overruled.

The judgment of the trial court is affirmed.