**Hajira SIDDIQUI, Appellant,**

*v.*

**WEST BELLFORT PROPERTY OWNERS ASSOCIATION,**
Appellee.

No. 08–91–00151–CV.

Court of Appeals of Texas,
El Paso.

Nov. 20, 1991.

Peter E. Ryba, Houston, for appellant.

Ray D. Hailey, Michael J. Treece, Butler, Langford, Ewalt & Hailey, P.C., Houston, for appellee.

Before OSBORN, C.J., and FULLER and WOODWARD, JJ.

## OPINION

FULLER, Justice.

The trial court granted a permanent injunction against a non-answering, non-appearing defendant. Attorney's fees were also awarded. Appellant appeals by Writ of Error. We deny the Writ of Error as to the injunction, and grant the Writ as to the award of attorney's fees.

The basis for the request for a permanent injunction by the property owner's association was that Hajira Siddiqui had violated a deed restriction by erecting an antenna upon her residential property without written approval of the association. The pertinent deed restriction which prohibits such an action provides that:

> [W]ithout the prior written authorization of the Architectural Control Committee, no television or radio antenna of any sort shall be placed, allowed, or maintained outside a Living Unit or on the exterior of any building or other improvement located on a Lot.

Appellant, however, never filed an answer to the association's request for a permanent injunction.

In a default judgment proceeding, the trial court granted the permanent injunction and awarded attorney's fees based solely upon Appellee's original petition and an accompanying affidavit. The permanent injunction granted by the trial court specifically (1) commanded Hajira Siddiqui to remove the exterior antenna and (2) enjoined her from any further violation of the deed restriction.

In a single point of error, Hajira Siddiqui asserts the trial court erred in granting a default judgment without hearing evidence. Additionally, Hajira complains of the absence of a statement of facts.

In an appeal by Writ of Error to set aside a default judgment, an Appellant can predicate his appeal on errors that are apparent on the face of the record. Such errors, if any exist, must indicate the invalidity of the default judgment. *Alvarado v. Reif,* 783 S.W.2d 303 (Tex.App.—Eastland 1989, no writ); *Lakeside Leasing Corporation v. Kirkwood Atrium Office Park,* 750 S.W.2d 847 (Tex.App.—Houston [14th Dist.] 1988, no writ).

Ordinarily, a trial court is not required to hear evidence before entering a default judgment against a non-answering defendant. *Watson v. Sheppard Federal Credit Union,* 589 S.W.2d 742 (Tex.Civ. App.—Fort Worth 1979, writ ref'd n.r.e.). This is so because, by not answering, a defendant is generally held to have admitted the material facts properly alleged in his opponent's petition. *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979).

A permanent injunction is an equitable remedy and is governed by Rule 693 of the Texas Rules of Civil Procedure. Since an injunction is an extraordinary remedy, a party seeking an injunction must show himself clearly entitled to such relief. *Sneed v. Ellison,* 116 S.W.2d 864 (Tex.Civ.

App.—Amarillo 1938, writ dism'd). This burden, however, may be satisfied as long as the petition provides the defendant with fair notice of the relief sought against him. If such "fair notice" exists, the trial court may grant a default judgment.

The "fair notice" principle is codified in Rules 241 and 243 of the Texas Rules of Civil Procedure. Rule 241 specifically states that, if a claim is for liquidated damages and is proved by an instrument in writing, then no evidentiary proof is required. Tex.R.Civ.P. 241. If the damages, however, are unliquidated and not proved by an instrument in writing, the trial court must hear evidence as to the damages in order to fairly notify the defendant of the relief sought against him. Tex.R.Civ.P. 243; *Kirkwood,* 750 S.W.2d at 850.

It is important to note that it is not uncommon for an appellate court to be faced with a default judgment case that contains no statement of facts or evidence. *Watson,* 589 S.W.2d at 744. Furthermore, the absence of a statement of facts will not mandate a reversal unless a claim of unliquidated damages is involved because proof to support a default judgment is required only with respect to such damages. *Morgan Express, Inc. v. Elizabeth–Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd). The permanent injunction sought in the instant case cannot be classified as relief by way of unliquidated damages.

That portion of the Writ of Error complaining of the granting of the permanent injunction is denied.

In addition to the permanent injunction, the trial court awarded attorney's fees without hearing any evidence. Furthermore, there is nothing in the petition to indicate that there was an agreement between the parties fixing an amount for attorney's fees. Thus, it was error for the trial court to award such relief because "[a]ttorney's fees are by their very nature unliquidated unless the exact amount is fixed by agreement." *Freeman v. Leasing Associates, Inc.,* 503 S.W.2d 406, 408 (Tex. Civ.App.—Houston [14th Dist.] 1973, no

writ); *Nettles v. Del Lingco,* 638 S.W.2d 633 (Tex.App.—El Paso 1982, no writ).

The trial court's failure to conduct an evidentiary hearing on the issue of attorney's fees requires this Court to reverse and remand that particular portion of the default judgment. *Nettles,* 638 S.W.2d at 636. A remand is dictated because, by failing to answer, Hajira Siddiqui legally admitted her liability for reasonable attorney's fees since the plaintiff's petition included a specific request for such an award. Such an admission of liability, however, does not answer the question of what constitutes reasonable attorney's fees. Consequently, it is necessary to remand so that evidence can be heard on the question of what constitutes reasonable attorney's fees.

That portion of the Writ of Error complaining of the award of attorney's fees is granted.

We deny the Writ of Error as to the granting of the permanent injunction thereby affirming the judgment of the trial court.

We grant the Writ of Error as to the award of attorney's fees reversing the judgment of the trial court and remand the claim of attorney's fees to the trial court for determination consistent with this opinion.