# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00845-CV

---

**Jose A. Castilla, Appellant**

**v.**

**W&C Investments, LLC, Appellee**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-24-010055,
### THE HONORABLE DANIELLA DESETA LYTTLE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Jose A. Castilla brings this restricted appeal from a no-answer default judgment in which the trial court awarded appellee W&C Investments, LLC (W&C) damages and attorney's fees, plus interest. Because W&C submitted affidavits providing sufficient evidence to support the trial court's judgment, we affirm.

## BACKGROUND

In 2019, W&C leased to Dizfruta Atx, LLC (Dizfruta) 1400 square feet of office space, known as Suite B2, at 8201 Cross Park Drive in Austin. Castilla cosigned the lease and executed a "Personal Guarantee" (Guaranty Agreement) that was attached as Exhibit "F" to the lease and in which he guaranteed Dizfruta's performance of the lease. Just over a year later, the parties executed a First Amendment to Lease Agreement (Amendment), which provided that, in

addition to leasing Suite B2, Dizfruta would lease from W&C Suite B1, "for a total of 3,520 rentable square feet."  Castilla signed this Amendment, paragraph 6 of which stated, "**Personal Guaranty:** The Personal Guaranty as described in Exhibit 'F' of the original lease will remain in effect and will be applicable to the new Net Rentable Area of the Leased Premises."

The record shows that in November 2024, W&C's counsel sent demand letters to Dizfruta and Castilla, seeking $145,242.34 in rents owed through the expiration of the Amendment, a portion of commission paid to relet the property to another tenant, and costs incurred as a result of Dizfruta's allegedly unauthorized modification of the premises.  The amount sought included offsets for the security deposit Dizfruta paid and for the "rents to be received under the relet lease."  W&C demanded an additional $1,500 for attorney's fees as of the date of the letter.  In December 2024, W&C sued Castilla, asserting that he breached the Guaranty Agreement and seeking damages, prejudgment interest, and attorney's fees.  Castilla does not dispute that he was properly served but did not answer or appear.  W&C filed a motion for default judgment, attaching affidavits by the property's manager and an attorney.  The trial court rendered a no-answer default judgment in favor of W&C in August 2025, awarding it $151,018.14 for actual damages, $7,980 for attorney's fees, and pre- and post-judgment interest. Castilla filed this restricted appeal, asserting that (1) he has satisfied the jurisdictional requirements to proceed with a restricted appeal, (2) the Guaranty Agreement does not pertain to the Amendment, such that Castilla should not be liable for amounts owed under that Amendment, and (3) the evidence was legally and factually insufficient to support the default judgment.[1]

---

[1]  W&C did not file a brief.

## STANDARD OF REVIEW

To prevail on a restricted appeal, the appellant must show that: (1) the notice of restricted appeal was filed within six months after the judgment was signed; (2) appellant was a party to the underlying lawsuit; (3) appellant did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). The first three requirements are jurisdictional. *Carbajal v. Albiter-Carbajal*, No. 03-19-00852-CV, 2021 WL 2371357, at *2 (Tex. App.—Austin June 10, 2021, pet. denied) (mem. op.). Only the fourth element is at issue in this case.

The face of the record, for purposes of a restricted appeal, consists of all the papers that were before the trial court when it rendered its judgment. *Macut v. Cool Insulation Co.*, No. 03-18-00729-CV, 2019 WL 3952840 at *1 (Tex. App.—Austin Aug. 22, 2019, no pet.) (mem. op.) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004); *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991)). Review by restricted appeal affords an appellant the same scope of review as an ordinary appeal, *Ex parte E.H.*, 602 S.W.3d at 495, which "includes review of legal and factual insufficiency claims," *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). As a result, determining error on the face of the record ultimately requires an analysis of the merits of the appellant's grounds for appeal. *Ex parte E.H.*, 602 S.W.3d at 495. Error may not be inferred from the record and must be demonstrated by the documents in the record, not from the absence of documents from the record. *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004), *overruled in part on other grounds by Ex parte E.H.*, 602 S.W.3d at 496.

3

We review the trial court's grant of a default judgment for an abuse of discretion. *Agraz v. Carnley*, 143 S.W.3d 547, 551 (Tex. App.—Dallas 2004, no pet.). We do not presume the validity of the judgment, and every step of the proceeding from process to final judgment is open to examination. *Patton Child.'s Tr. v. Hamlin*, No. 07-07-00488-CV, 2008 WL 3863475, at *6 (Tex. App.—Amarillo Aug. 20, 2008, no pet.) (mem. op.). In a no-answer default judgment, all factual allegations set forth in the petition are deemed admitted, except the amount of damages. *Texas Com. Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999). The appropriate remedy when an appellant is entitled to a restricted appeal is to remand the matter for a new trial on the issue of unliquidated damages. *In re Marriage of Williams*, 646 S.W.3d 542, 545 (Tex. 2022).

We review the trial court's interpretation of an unambiguous contract de novo. *URI, Inc. v. Kleberg County*, 543 S.W.3d 755, 763 (Tex. 2018). Whether a party may recover reasonable attorney's fees is a question of law that we review de novo. *Fitzgerald v. Schroeder Ventures II, LLC*, 345 S.W.3d 624, 627 (Tex. App.—San Antonio 2011, no pet.); *see Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94, 95 (Tex. 1999)).

## ANALYSIS

It is undisputed that Castilla has met the jurisdictional requirements for proceeding with a restricted appeal. *See Carbajal*, 2021 WL 2371357, at *2. The remaining requirement to prevail on his restricted appeal is for Castilla to show that error is apparent on the face of the record. Whether he can do so depends on his other issues—whether the Guaranty Agreement pertains to the Amendment and whether the evidence was legally and factually insufficient to support the default judgment.

4

We first address whether the Guaranty Agreement applies to the Amendment, thereby making Castilla liable for Dizfruta's default under that agreement. Based on the plain, ordinary, and generally accepted meaning of the Amendment's language, we determine that the Guaranty applies to the Amendment. *See URI, Inc.*, 543 S.W.3d at 757–58, 763–64 (explaining principles of contract construction). Paragraph 6 of the Amendment expressly states that the "Guaranty [Agreement] as described in Exhibit 'F' of the original lease will remain in effect and will be applicable to the new Net Rentable Area of the Leased Premises." Exhibit "F" of the original lease contains the Guaranty Agreement Castilla signed. In addition to signing the original lease and the Guaranty Agreement, Castilla signed the Amendment. Accordingly, we overrule Castilla's issue relating to the application of the Guaranty Agreement.

We next consider Castilla's challenge to the legal and factual sufficiency of the evidence supporting the default judgment. In reviewing a no-answer default judgment, we deem the petition's factual allegations admitted, except for the amount of unliquidated damages. *See Texas Com. Bank*, 3 S.W.3d at 516; *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). If damages are unliquidated and not proved by an instrument in writing, the court must hear evidence relating to damages before it may grant a default judgment. Tex. R. Civ. P. 243. When a plaintiff's claim is liquidated and proven by an instrument in writing, the plaintiff may be awarded damages without the necessity of a hearing or the presentation of evidence. *Burrows v. Bowden*, 564 S.W.2d 474, 475 (Tex. App.—Corpus Christi–Edinburg 1978, no writ); Tex. R. Civ. P. 241. A claim is liquidated if the amount of damages caused by the defendant can be accurately calculated by the court from the factual (as opposed to conclusory) allegations in the petition and the written instrument sued upon. *Freeman v. Leasing Assocs.*, 503 S.W.2d 406, 408 (Tex. App.—Houston [14th Dist.] 1973, no writ).

Our task, then, is to determine whether the damages awarded were liquidated or unliquidated. If they were liquidated, we must ensure the calculation of damages was correct; if unliquidated, we must review the sufficiency of the evidence presented in support of the damages awarded. The total damages awarded in this case were based on a document entitled "Summary of Rents Owed." This summary showed $125,208.38 in rents owed by Dizfruta for an unspecified period of time preceding the "Relet Lease rent commencement date"; $16,522.62 for a portion of a commission paid to relet the property; $9,375.00 for "Architectural cost due to unauthorized modification of space"; $5,775.80 for "City permitting cost due to unauthorized modification of space"; and "$20,000.00 (estimate)" for "Construction cost due to unauthorized modification of space." It also contained two credits in favor of Dizfruta: a credit for $16,081 reflecting the difference "in rents post Relet rent commencement date," which resulted from the higher rent paid by the subsequent tenant; and a $9,782.66 credit for the total amount paid for security deposits under the original lease and the Amendment. In addition, the court awarded $7,980 for attorney's fees based on an affidavit and bill from W&C's attorney.

In this case, both the original lease and the Amendment set the amount of monthly rent based on a formula that added a varying amount to base rent, which itself varied based on the date (in the original lease) or the number of months that had elapsed since the "Commencement Date" (in the Amendment). The record does not reflect the timeframe during which Dizfruta did not pay its rent, nor does the record supply sufficient information from which the trial court could have calculated the amount to be added to base rent. Accordingly, the amount of unpaid rent was unliquidated. The amount claimed for the repair estimate is also unliquidated. *See Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 809 (Tex. App.—Waco 2007, no pet.); *Alvarado v. Reif*, 783 S.W.2d 303, 305 (Tex. App.—Eastland 1989, no

6

writ) (claim for damages based on repair estimate is not liquidated damage). Because the architectural costs, city permitting costs, and commission for reletting the property cannot be determined from the original lease, the Amendment, or another written instrument in the record in conjunction with the pleadings, those damages are likewise unliquidated. *See* Tex. R. Civ. P. 243. "The reasonableness of attorney's fees, in the absence of a contract therefor, is a question of fact and is an unliquidated demand as to which the Court should have heard evidence." *Smith v. Texas Disc. Co.*, 408 S.W.2d 804, 807 (Tex. App.—Austin 1966, no writ); *see Twin City Fire Ins. v. Vega-Garcia*, 223 S.W.3d 762, 770 (Tex. App.—Dallas 2007, pet. denied). The record does not contain a fee agreement or other contract from which fees could be determined, so the attorney's fees are unliquidated. In sum, all of the damages are unliquidated. Therefore, we review the record for sufficiency of the evidence supporting these damages.[2]

To support its damages claim, W&C attached to its motion for default judgment the affidavit of the property's manager, Bradley Kovach. In the affidavit, Kovach averred that he was making the affidavit based on personal knowledge, related some underlying facts supporting W&C's claims, and stated that Dizfruta defaulted on the lease by failing to pay rents and abandoning the leased premises. He also stated that pursuant to the terms of the lease, Dizfruta owed payments for costs to remedy unauthorized modifications to the property. The affidavit further specified:

---

[2] When conducting a legal-sufficiency review, we consider the evidence in the light most favorable to the judgment and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). To prevail, an appellant must show that no more than a scintilla of evidence supports a finding on which the opponent had the burden of proof. *See Waste Mgmt. of Tex., Inc. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 156–57 (Tex. 2014); *City of Keller*, 168 S.W.3d at 826. When conducting a factual-sufficiency review, we consider all the record evidence and set aside the judgment only if the evidence is so weak as to make the order clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

> Plaintiff has been damaged by Defendant DIZFRUTA ATX, LLC's anticipatory breach of Lease in the total amount of $151,018.14, which takes into consideration pro-rated commissions incurred from the relet lease, architectural costs, city permitting costs, and construction costs incurred due to [Dizfruta's] unauthorized modification of the Leased Premises, as set out in the Summary of Rents Owed which is attached hereto marked as Exhibit "D[.]"

Other exhibits attached to the affidavit included the original lease, the Amendment, the Guaranty Agreement, an invoice showing the leasing commission for reletting the leased premises, an invoice for architectural services, copies of demand letters sent to Dizfruta and Castilla that included an earlier version of the Summary of Rents Owed that showed a damages amount that did not include city permitting costs. Kovach was the custodian of these records for W&C in his role as property manager.

"Testimony of the total amount due under a written instrument is legally sufficient to support an award of that amount in a default judgment proceeding." *Texas Com. Bank*, 3 S.W.3d at 517. Although the affidavits are hearsay, "because unobjected-to hearsay is, as a matter of law, probative evidence, affidavits can be evidence for purposes of an unliquidated-damages hearing pursuant to Rule 243." *Id.* at 516. Kovach averred he had personal knowledge of the facts, described the facts and the losses attributed to Dizfruta's default, and generally described the bases for damages, attaching supporting documents for some of the damages. We conclude that his affidavit was legally and factually sufficient to support the damages award.

To support attorney's fees, W&C submitted the affidavit of attorney Erin Newton as well as a billing statement detailing billable hours spent on the case between November 2024 and July 2025, the total for which matches the $7,980 listed in the Summary of Rents Owed. She testified that she is an attorney familiar with the reasonable and customary attorney's fees in Travis County, and, based on her knowledge of the services rendered to W&C, which she

8

described, $7,980 was a reasonable fee for work that both she and a more experienced associate performed on the case. Newton's affidavit was legally and factually sufficient to support the trial court's award of attorney's fees. We overrule Castilla's challenge to the sufficiency of the evidence.

## CONCLUSION

Having determined that the Guaranty Agreement extended to the Amendment and that sufficient evidence supported the default judgment, we conclude that the trial court did not abuse its discretion in granting a default judgment against Castilla. We affirm the trial court's judgment.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Affirmed

Filed: June 26, 2026

9