NO. 07-02-0478-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 15, 2005

_____


CONSECO FINANCE SERVICING CORP. F/K/A,
GREEN TREE FINANCIAL SERVICING CORPORATION, APPELLANT

V.

ELIPIDIO CABRERA, HERIBERTHA CABRERA AND
ALL UNKNOWN OCCUPANTS, APPELLEES

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 7736; HONORABLE GORDON H. GREEN, JUDGE

_____


Before REAVIS and CAMPBELL and HANCOCK, JJ.

**OPINION**

Presenting one issue, Conseco Finance Servicing Corporation f/k/a Green Tree Financial Servicing Corporation (Conseco) contends the trial court erred by denying Conseco possession of a manufactured home which secured the contract. Based on the following rationale, we affirm.

On April 2, 1998, Elipidio Cabrera and Heribertha Cabrera signed a Manufactured Home Retail Installment Contract and Security Agreement in the principal amount of $21,426.85 to purchase a 1998 Clayton Manufactured Home. Upon default in the payment of monthly installments per the contract, Conseco filed suit on the contract seeking foreclosure of its security interest and attorney's fees. When the Cabreras did not file an answer or appear, Conseco filed a written motion for default judgment for the balance owing per the contract and attorney's fees. In addition, by paragraph six of its motion, Conseco requested the following:

> this Court order the Sheriff or Constable of the County where that certain 1998 Clayton Manufactured Home; Serial No. CBH005584TX (the "manufactured home") is located to *attach* the Manufactured Home and deliver possession of the Manufactured Home to Conseco with any subsequent sale of the Manufactured Home to be applied to the judgment *or* alternatively, that the Sheriff or Constable of the County where the Manufactured Home is located, *attach* the Manufactured Home, sell it and apply any proceeds to Conseco's judgment.

(Emphasis added).[1] The trial court signed the default judgment submitted by counsel for Conseco on August 30, 2002, that, among other things, recited that Conseco was allowed

---

[1] From the record, it appears that appellant's counsel prepared the proposed judgment and mailed it to the trial court. As material here, Conseco proposed that the judgment also provide:

> It is further ordered, adjudged and decreed that the Sheriff or Constable of the County where that certain 1998 Clayton Manufactured Home; Serial No. CBH005584TX (the "Manufactured Home") is located shall attach the Manufactured Home and take any and all steps necessary to deliver possession of the Manufactured Home to Conseco with the proceeds from any subsequent sale of the Manufactured Home to be applied to the judgment or alternatively, that the Sheriff or Constable of the County where the Manufactured Home is located, attach the Manufactured Home, sell it, and apply the proceeds to Conseco's judgment.

However, the trial court struck the requested provision.

such writs and processes as may be necessary to the enforcement and collection of the judgment. However the trial court did not award Conseco any attorney's fees and costs as to the Unknown Occupant(s) and declined to expressly order that the Sheriff or Constable attach the manufactured home and deliver it to Conseco. A reporter's record has not been provided.[2]

By its sole issue, Conseco contends the trial court erred by denying it possession of the manufactured home which secures the contract. We disagree.

We commence our analysis by noting that Conseco decided to proceed *via* judicial foreclosure as authorized by section 9.601 of the Business and Commerce Code as opposed to proceeding with nonjudicial enforcement proceedings authorized by the contract and section 9.609. *See* Tex. Bus. & Com. Code Ann. §§ 9.601(a)(1), 9.609 (Vernon 2002). Although Conseco's pleadings sought an attachment of the manufactured home, because it did not file an application for the issuance of a writ of attachment and order per Rule 592 of the Rules of Civil Procedure or offer to provide a bond as required by Rule 592a and section 61.023 of the Civil Practice and Remedies Code, Conseco was not entitled to a writ of attachment.[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 61.023 (Vernon 1997). However, having reduced its claim to judgment as authorized by section

---

[2]Because the judgment was rendered as a default, we assume that no evidence, argument, or objections were made when the motion for default judgment was considered by the trial court.

[3]Conseco's motion did not seek an order of sale as authorized by Rule 309 of the Rules of Civil Procedure.

3

9.601(e) of the Business and Commerce Code, Conseco is entitled to request that the clerk issue an execution per Rules 621 and 631 of the Rules of Civil Procedure for the sale of the manufactured home as opposed to a writ of attachment. *See* Tex. Bus. & Com. Code Ann. § 9.601(e).

Moreover, page two of the judgment provides in part:

> THE COURT FURTHER FINDS that Plaintiff is entitled to possession of the Manufactured Home which is the subject of this suit with the proceeds from the sale of the Manufactured Home to be applied to the Judgment Amount.

Then, on page three, the judgment concludes:

> Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

In addition to its right to request the clerk to issue an execution, as the owner of the judgment, Conseco is entitled to seek the court's assistance to obtain satisfaction on the judgment as authorized by section 31.002 of the Civil Practice and Remedies Code Annotated. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon Supp. 2004-05). Conseco's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice