Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-08-00856-CV

Aaron **MEDRANO**,
Appellant

v.

Sara Alicia **MEDRANO**,
Appellee

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2008-CVG-000675-C3
Honorable Jesus Garza, Judge Presiding

Opinion by: Steven C. Hilbig, Justice

Sitting: Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: June 24, 2009

AFFIRMED

This is an appeal from a final decree of divorce. In a single issue, Aaron Medrano contends

the trial court abused its discretion in awarding Sara Alicia Medrano a disproportionate share of the

marital estate. We affirm the trial court's judgment.

## BACKGROUND

Aaron and Sara married in 2002. Sara filed a petition for divorce in 2008, alleging insupportability as the ground for divorce. She asked for a division of the parties' community property as the court deemed "just and right." Aaron answered with a general denial. Sara later filed an amended petition requesting a disproportionate share of the parties' marital estate.

Prior to the final hearing on August 20, 2008, the parties entered into a Rule 11 agreement with regard to the children, establishing a joint managing conservatorship with Sara having the right to determine their primary residence. The parties also agreed, by way of a Rule 11 agreement, that Aaron would receive a refrigerator, a microwave, a kitchen table, a big screen television, and his clothes, and Sara would be awarded all other furniture in the home. This agreement was incorporated into the final decree. At the hearing, the court heard testimony from Aaron and Sara regarding the rest of the community property and debt, including the homestead. On September 30, 2008, the trial court rendered its final decree of divorce, awarding Sara a greater share of the marital estate.

## STANDARD OF REVIEW AND APPLICABLE LAW

The trial court has broad discretion to divide the martial estate in a manner the court deems "just and right." *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996); *Gardner v. Gardner*, 229 S.W.3d 747, 756 (Tex. App.–San Antonio 2007, no pet.); *see* TEX. FAM. CODE ANN. § 7.01 (Vernon 2006). Absent a clear abuse of discretion, which occurs when the complaining party demonstrates from the evidence that the division is so disproportionate that it is manifestly unjust and unfair, we will not disturb the trial court's apportionment. *Gardner*, 229 S.W.3d at 756; *Prague v. Prague*, 190 S.W.3d 31, 41 (Tex. App.–Dallas 2005, pet. denied). In exercising its discretion in dividing the estate, the

trial court is not required to divide the marital estate equally, but may order an unequal division when a reasonable basis exists for doing so. *Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981); *Gardner*, 229 S.W.3d at 756; *Prague*, 190 S.W.3d at 41. In making its decision, the court may consider many factors including disparity of incomes or earning capacities, the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. *Murff*, 615 S.W.2d at 699. The circumstances of each marriage dictate what factors should be considered in division of the marital estate. *Young v. Young*, 609 S.W.2d 758, 761 (Tex. 1980).

There is no abuse of discretion if the trial court's decision is based on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). We will consider "every reasonable presumption in favor of the proper exercise of discretion by the trial court in dividing the community estate." *McSweeney v. McSweeney*, No. 04-06-00461-CV, 2007 WL 247677, at *2 (Tex. App.–San Antonio Jan. 31, 2007, no pet.) (citing *Murff*, 615 S.W.2d at 699; *Prague*, 190 S.W.3d at 41).

In family law cases the abuse of discretion standard overlaps with the traditional sufficiency standards of review. *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.–San Antonio 2006, no pet.). Legal and factual sufficiency are therefore not independent grounds of error; rather, they merely constitute factors relevant to an assessment of whether the trial court abused its discretion. *Id.*

## DISCUSSION

Aaron contends the trial court abused its discretion in awarding Sara the family homestead as her sole and separate property. He argues this resulted in a disproportionate division of the marital estate in favor of Sara, which was neither requested by Sara nor supported by the evidence.

We disagree with Aaron's contention that Sara did not request a disproportionate division. Sara's amended petition requested a disproportionate share of the parties' marital estate based on (1) fault in the breakup of the marriage, (2) benefits she would have derived had the marriage continued, (3) disparity in earning power, (4) conservatorship of the children, (5) needs of the children, (6) reimbursement, and (7) creation of community property through use of her separate estate. Accordingly, his first contention is without merit.

To evaluate the trial court's division, the analysis typically begins with the values of the various marital assets. *Redeaux v. Redeaux*, No. 09-06-084-CV, 2007 WL 274728, at *4 (Tex. App.–Beaumont Feb. 1, 2007, pet. denied) (mem. op.). After an evaluation of the values of the marital assets and debts awarded in the final decree, we conclude there was a disproportionate division of the marital estate in favor of Sara.

The court valued the homestead at $120,000, with an outstanding mortgage of $90,000.[1] The court awarded the house to Sara, requiring her to assume the mortgage and divesting Aaron of any interest in the property. The court ordered the $30,000 equity in the house divided equally between the parties. However, the court "liquidated" the $15,000 in equity awarded to Aaron by (1) awarding Aaron the couple's only vehicle, a Ford F150 truck, valued at $3,000 (2) awarding Aaron all of his

---

[1] The court's valuation of the property was based on an appraisal from the Webb County Appraisal District, which was entered into evidence at the hearing without objection. It assessed the value of the homestead at $120,450.

retirement benefits, valued at $7,600, (3) excusing Aaron's past due child support in the amount of $2,500, (3) ordering Sara to pay a community debt owed to Sara's parents, valued at $6,000, (4) ordering Sara to give up any claim to unpaid mortgage payments, and (5) ordering Sara to refinance the homestead and take on the entire debt thereon. Sara therefore took on $96,000 of community debt, received $30,000 in community assets in the form of equity in the homestead, and gave up a claim for child support against Aaron in the amount of $2, 500. This resulted in a net award to Sara of $21,500. Aaron received $10,600 in community assets, and was forgiven $2,500 in past child support, which left him with a net award of $13,100. When the assets and debts are fully evaluated, discounting the agreed division of the personal property, Sara received approximately $8,400 more than Aaron received.

We next determine if the trial court had sufficient evidence upon which to exercise its discretion in making the award and if so, whether the court erred in its application of its discretion. *See id.* Sara testified that after the separation, they agreed she would stay in the house with the children through the divorce process. However, Aaron decided he would move back into the house. Sara stated this had an adverse effect on the children, and she and the children were forced to move in with her parents, staying in one bedroom. Sara also testified Aaron agreed to pay the house mortgage, but fell behind in the payments. One of the children has been diagnosed with Pervasive Developmental Disorder, which Sara described as a form of autism. Pursuant to the parties' agreement, Sara would be the primary caretaker for the children. Sara also testified to verbal abuse by Aaron. Sara stated she works "through Mercy Kids Rehab," but no testimony on her earnings was established.

Aaron agreed he was currently living in the home. He also agreed his son has a learning disability. Aaron testified that he earns $29,000 a year working at Expeditor's International, and has a retirement account into which he pays three percent a year, and to which his employer adds half of what he contributes.

Based on the foregoing, we hold there was some evidence to support a disproportionate award, and Aaron did not meet his burden to demonstrate the division was so unjust as to constitute an abuse of discretion. *See McSweeney*, 2007 WL 247677, at *2; *Prague*, 190 S.W.3d 41.

## CONCLUSION

We overrule Aaron's issue and affirm the trial court's judgment.


Steven C. Hilbig, Justice