Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## OPINION

No. 04-09-00284-CV

## IN RE NORTHERN NATURAL GAS CO.

Original Mandamus Proceeding[1]

Opinion by:   Rebecca Simmons, Justice

Sitting:      Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  March 3, 2010

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

We withdraw our opinion of December 23, 2009, and issue this opinion in its place.

Relator Northern Natural Gas Co. ("Northern"), plaintiff in the underlying proceeding, filed a

petition for writ of mandamus seeking to compel the trial court to vacate the December 16, 2008

"Order Granting Motion for New Trial." We conditionally grant mandamus relief in part.

## BACKGROUND

The underlying suit was filed by Northern on November 13, 2002, and alleges that Betty

Lou Sheerin ("Sheerin") breached a promissory note. Northern's original petition claims that

---

[1]This proceeding arises out of Cause No. 2008-CI-01245, styled *Northern Natural Gas Co. v. Betty Lou Sheerin*, in the 288th Judicial District Court, Bexar County, Texas, the Honorable Sol Casseb III presiding. However, the order complained of was signed by the Honorable Barbara Hanson Nellermoe, presiding judge of the 45th Judicial District Court, Bexar County, Texas.

Sheerin, the majority shareholder of McDay Energy Partners, Ltd. ("McDay"), and McDay executed a promissory note in the amount of $1,950,000, payable to Northern, for the purchase of a natural gas pipeline system. After the loan was in default, Sheerin asserts McDay and Northern executed a First Amendment to the Agreements, which, among other changes, made changes to the terms of the note without her consent. In May of 2000, McDay filed for bankruptcy. In September of 2002, Northern sought payment of the $1,950,000 note from Sheerin, and the underlying suit ensued.[2]

In January of 2008, the Honorable Lori Massey presided over a four week jury trial on the merits. The jury returned a verdict in favor of Northern as follows: (1) $1,950,000 in contract damages; (2) $2,250,000 in fraud damages; and (3) $500,000 in attorney's fees, with conditional awards for appellate attorneys' fees.

Following the jury trial, Northern filed "Alternative Motions to Disregard the Jury Findings or for Entry of Judgment on the Verdict," requesting $2,655,935 in breach of contract damages. Approximately seven months later, Northern filed its "First Amended Alternative Motion to Disregard the Jury Findings or for Entry of Judgment on the Verdict" that requested the trial court disregard the jury's award of $1,950,000 in contract damages because that amount neither reflected the principal owed, after offsetting payments and credits, nor the accrued but unpaid interest on the note. In the motion, Northern referenced five alternative damage scenarios, asserting the evidence conclusively established Northern's actual damages as a matter of law by a mathematical calculation (unpaid principal and interest on the note, less payments made).

---

[2] Throughout the seven years of litigation, other parties were added and severed out of the case. At the time of trial, only Northern's claims against Sheerin and Sheerin's claims against Northern and Ken Lay remained.

Additionally, Sheerin filed a motion for judgment notwithstanding the verdict. After reviewing the transcript of the trial, the motions, and conducting a hearing on both Northern and Sheerin's motions, Judge Massey (1) denied in part Sheerin's motion for judgment notwithstanding the verdict, and (2) disregarded the jury findings as to the contractual damages, awarding additional damages to Northern after calculating the principal amount owed on the note, plus any accrued but unpaid interest. As a result, on October 3, 2008, Judge Massey entered a judgment in favor of Northern as follows: (1) $3,010,515 in contract damages; and (2) $500,000 in attorney's fees, with conditional awards for appellate attorneys' fees. On October 4, 2008, Judge Massey retired from the bench.

On October 31, 2008, Sheerin filed a motion for new trial asserting ten separate grounds. Grounds one through three relate to damages, and grounds four through ten relate to liability and attorneys' fees. Because Judge Massey retired, the motion for new trial was assigned to Judge Nellermoe. On December 15th and 16th of 2008, the seventy fourth and seventy fifth days after Judge Massey signed the judgment notwithstanding the verdict, Judge Nellermoe conducted a hearing on grounds one through three (damages) and ordered that a new trial be granted as to those grounds. Judge Nellermoe acknowledged on the record that she had not reached grounds four through ten (liability and attorneys' fees), and that those grounds would be overruled by operation of law if she did not enter an order that day. Judge Nellermoe then, in the same order, set grounds four through ten of the motion for new trial for a hearing on March 2, 2009. The order entitled "Order Granting Motion for New Trial" forms the basis of this petition for writ of mandamus.

**ANALYSIS**

### I.    Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). However, when an order of the trial court is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal. *In re Vlasak*, 141 S.W.3d 233, 235 (Tex. App.—San Antonio 2004, orig. proceeding) (citing *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding)).

Northern contends mandamus relief is available based on the following grounds: (1) Judge Nellermoe's order purportedly granting the new trial is void because it is not sufficiently explicit, express, and specific enough to grant a new trial; (2) the order is void because it expands the seventy five day deadline for consideration of a motion for new trial in violation of Texas Rules of Civil Procedure 5 and 329b(c); (3) because the damages are liquidated, a separate new trial can be granted on damages alone under Texas Rule of Civil Procedure 320; (4) mandamus should issue to preclude the trial court from taking further action because the trial court's plenary power has expired; and (4) the order violates Northern's procedural and substantive due process rights. Sheerin asserts the following defenses: (1) Northern waived its right to mandamus relief; and (2) Northern was required to request relief from the trial court prior to seeking mandamus relief.

## II.     Northern's Grounds for Seeking Mandamus Relief

### (1)     *Is the order void because it is not sufficiently explicit, express, and specific?*

Rule 329b(c) requires a written order to grant a new trial.  *See* TEX. R. CIV. P. 329b(c); *In re Lovito-Nelson*, 278 S.W.3d 773, 775 (Tex. 2009) (orig. proceeding) (per curiam).  "[A] motion for new trial is not granted without a signed, written order explicitly granting the motion." *In re Lovito-Nelson*, 278 S.W.3d at 776.  Northern contends the order purportedly granting a new trial does not meet the explicit, express, and specific requirements.  Specifically, Northern asserts the order is defective for the following reasons: (1) the order confirms that Sheerin has not yet proved that she is entitled to a new trial as to grounds four through ten; (2) the order is conditioned on a future event that may not occur—the proof that Sheerin is entitled to the relief requested; (3) the order is not clear as to whether the court has granted a new trial, or will do so in the future; and (4) the order is ambiguous as to whether the court has granted or will grant a new trial as to one, some, or all of the grounds four through ten.

Based on a review of the record and the order, we conclude the trial court explicitly granted a new trial as to damages based on grounds one through three in Sheerin's motion for new trial.  *See id.*  The order in part provides:

> On December 15th and 16th, 2008, came before the Court the Motion for New Trial filed by Betty Lou Sheerin and the Court having reviewed said Motion and hearing the argument of the parties as to Grounds One, Two and Three of the Motion for New Trial finds that said Grounds should be sustained and it is hereby Ordered that New Trial is Granted.

However, as to liability issues contained in grounds four through ten of Sheerin's motion, we conclude the order does not explicitly, expressly, and specifically grant a new trial.  The pertinent portion of the order provides:

The Court hereby states that it has not yet heard argument on the Requests for New Trial set forth in Grounds Four, Five, Six, Seven, Eight, Nine and Ten of the Motion for New Trial. The Court will reinstate the jury findings challenged in each of grounds Four, Five, Six, Seven, Eight, Nine and Ten unless, upon consideration of those grounds in Betty Lou Sheerin's Motion for New Trial in a hearing scheduled before the Court for 9:30 O'Clock A.M. on the 2nd day of March, 2009, or another date to be scheduled by the Court, the Court finds that Betty Lou Sheerin has established her right to the granting of a Motion for New Trial on one or more of those grounds.

The order specifically states that the trial court has not yet considered grounds four through ten. However, the trial court entered an order conditionally granting a new trial as to those liability issues that it had not considered. Specifically, the order conditions a new trial as to grounds four through ten on Sheerin's ability to establish "her right" to a new trial at a later date. Based on the foregoing, we conclude the order purporting to grant a new trial did not explicitly, expressly, and specifically grant a new trial on grounds four through ten. *Id.*

### (2) *Does the order violate Texas Rules of Civil Procedure 5 and 329b(c)?*

Even if the order was sufficiently explicit, Northern further contends the order is void because it violates Texas Rules of Civil Procedure 5 and 329b(c). *See* TEX. R. CIV. P. 5, 329b(c), (e). Rule 329b(c) and (e) provides as follows:

> (c) In the event an original or amended motion for new trial or a motion to modify, correct or reform the judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.
>
> . . . .
>
> (e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed

- 6 -

motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

TEX. R. CIV. P. 329b(c), (e). Rule 5 prohibits increasing the time period set forth in Rule 329b: "The court may not enlarge the period for taking any action under the rules relating to new trials except as stated in these rules." TEX. R. CIV. P. 5.; *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003) (holding that "Rule 5 prohibits a trial court from enlarging the period for taking action under the rules relating to new trials").

As to damages in grounds one through three, the trial court expressly granted a new trial on those grounds in accordance with the time limits as set out by Rule 329b. *See* TEX. R. CIV. P. 329b. However, as to the other grounds, Judge Nellermoe states the court has not yet heard argument regarding liability in grounds four through ten. It is clear from the record and the conditional nature of the order that the trial court was attempting to extend the seventy five day deadline as to those grounds in direct contradiction of Rule 5 and Rule 329b(c). *See* TEX. R. CIV. P. 5, 329b(c). As a result, we further conclude that as to grounds four through ten the order violates Rules 5 and 329b(c) of the Texas Rules of Civil Procedure.

**(3)** *Can a separate trial be granted on damages alone?*

In light of our holding that the trial court granted a new trial as to damages but not as to liability, we must now consider whether a separate new trial can be granted on damages alone.

Rule 320 of the Texas Rules of Civil Procedure provides as follows:

> When it appears to the court that a new trial should be granted on a point or points that affect only a part of the matters in controversy and that such part is clearly separable without unfairness to the parties, the court may grant a new trial as to that part only, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.

TEX. R. CIV. P. 320. Sheerin asserts that once the trial court granted a new trial as to damages, the remaining grounds relating to liability were moot because Northern's damages were unliquidated. Therefore, Sheerin contends that under Rule 320, a separate trial could not be granted solely on the damages.

We disagree and conclude that based on the arguments and the record before us, Northern's damages are liquidated. Typically, a balance on a promissory note is a liquidated damage because the difference between the amount of indebtedness alleged to be due and the face amount of the note does not create ambiguity or raise a question of fact regarding payment credits. *See Watson v. Sheppard Fed. Credit Union*, 589 S.W.2d 742, 744 (Tex. Civ. App.—Fort Worth 1979, writ ref'd n.r.e.) (default judgment context). Based on the record before us, the contractual damages in this case were based on a promissory note and were able to be calculated as a matter of law. Because we have determined the damages were liquidated, we conclude that it is proper to have a new trial on damages without requiring a new trial on liability in accordance with Rule 320. *See* TEX. R. CIV. P. 320; *see also In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 230-31 (Tex. 2008) (orig. proceeding).

**(4)** ***Should mandamus issue to preclude the trial court from taking further action because the trial court's plenary power has expired?***

Northern further asserts that because the order granting a new trial is a nullity or void, the trial court's plenary power expired thirty days after the order was signed. As a result, Northern contends that unless this court acts to preclude the trial court from setting another hearing date and conducting a hearing on the motion for new trial, the trial court will be exercising jurisdiction it does not have. Northern relies on case law that provides that mandamus relief is appropriate when a trial court has acted after its plenary power has expired. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35

S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Northern asserts that "[s]imilarly, mandamus relief is appropriate to prevent a trial court from acting after its plenary power has expired where, as here, it is obvious that the trial court intends to do so." However, in light of our holding that a new trial was granted as to damages, it is not necessary to consider this issue.

**(5)** ***Does the order violate Northern's procedural and substantive due process rights?***

Northern asserts the trial court's order denies Northern its constitutional rights to procedural and substantive due process. *See* U.S. CONST. amend. XIV; Tex. Const. art. I, § 19. According to Northern, its procedural due process rights were violated because it did not have notice and an opportunity to be heard regarding grounds four through ten. As a result, Northern contends its substantive due process rights were violated because it was deprived of property, its rights in the final judgment rendered by Judge Massey. However, in light of our holding that a new trial was not granted as to grounds four through ten, it is not necessary to further consider this issue.

**III.    Sheerin's Defenses**

**(1)    *Waiver***

Sheerin asserts Northern waived its right to mandamus relief by waiting more than five months from the date of the trial court's order to file its petition for writ of mandamus. When analyzing whether a relator's delay in filing a mandamus prevents the writ from being issued, the Texas Supreme Court has held that "[a]lthough mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. One such principle is that '[e]quity  aids the diligent and not those who slumber on their rights.'" *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941) (orig. proceeding)). In determining if a relator's delay prevents the

issuance of the writ, courts have analogized it to the doctrine of laches. *In re Hinterlong*, 109 S.W.3d 611, 620 (Tex. App.—Fort Worth 2003, orig. proceeding); *Sanchez v. Hester*, 911 S.W.2d 173, 177 (Tex. App.—Corpus Christi 1995, orig. proceeding). A party asserting the defense of laches must show: (1) unreasonable delay by the other party in asserting its rights, and (2) harm resulting to the party as a result of the delay. *See In re Hamel*, 180 S.W.3d 226, 230 (Tex. App.—San Antonio 2005, orig. proceeding); *In re Bahn*, 13 S.W.3d 865, 871 (Tex. App.—Fort Worth 2000, orig. proceeding).

In the case at hand, the trial court signed the order purporting to grant a new trial on December 16, 2008. The order specifies that a hearing was set for March 2, 2009, or another date to be scheduled by the court, to consider the remaining grounds four through ten. However, a hearing was never held. Instead, Northern filed its petition for writ of mandamus on May 15, 2009. While approximately five months passed between when the trial court signed the order and the filing of the mandamus, Northern did not unreasonably delay in the filing of the mandamus because the parties were waiting for the trial court to conduct a hearing on grounds four through ten as per the terms of the order. Accordingly, Northern did not waive its right to mandamus relief.

**(2)** ***Was Northern required to request relief from the trial court first?***

Sheerin asserts Northern was required to first present its complaint to the trial court and the trial court had to refuse the complaint before Northern sought mandamus relief. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding). Sheerin claims that to the extent that Northern claims the trial court intends to take action, Northern should wait until that action has been taken and then should present its plenary power argument to the trial court to give the court an opportunity to consider it.

In *In re Perritt*, the Texas Supreme Court held that "[a] party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *Id*. However, the court went on to hold that "[o]n rare occasions we have relaxed this predicate when the circumstances confirmed that 'the request would have been futile and the refusal little more than a formality.'" *Id.* (quoting *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991)(orig. proceeding)). Additionally, typically in a mandamus situation, the request and the refusal of the request comes in the form of an order that is granted or not granted. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (holding that in order to have the ability to seek mandamus relief regarding compelling a deposition, the trial court had to have explicitly denied the motion to compel the deposition); *see also In re Perritt*, 992 S.W.2d at 446 (holding that where the judge refused to disqualify himself, relator who sought judge's disqualification was not required to join in the other party's objection because any additional objection would have been futile). Overall, Northern's complaint in this mandamus is that the trial court improperly granted a new trial. Northern opposed the granting of a new trial, which was to no avail when the trial court signed an order purportedly granting the new trial subject to further consideration. Therefore, we conclude Northern was not required to ask the trial court to reconsider the decision.

## CONCLUSION

We conclude the trial court abused its discretion in signing the December 16, 2008 "Order Granting Motion for New Trial" because it is void as to grounds four through ten, concerning liability and attorneys' fees. Accordingly, we conditionally grant the writ of mandamus in part. The trial court is ordered to vacate its order as to grounds four through ten.

The writ will issue only if the trial court fails to withdraw that portion of its December 16, 2008 order within 10 days.

Rebecca Simmons, Justice