02-11-261-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00261-CV

 

 


 
 
 Brenda S. Guerra
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 M.H. Equities, Ltd. and Woodhaven MHC, Ltd.
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

 

FROM THE 393rd
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          In
a single issue, Brenda S. Guerra contends that the trial court erred by
granting summary judgment for M.H. Equities, Ltd. and Woodhaven MHC, Ltd. on an
unliquidated damages claim.  We affirm in part and reverse and remand in part.

Background

          M.H.
Equities sued Guerra under a “Retail Installment Contract/Security Agreement”
for foreclosure of its security interest in Guerra’s manufactured home or in
the alternative possession of the home because of Guerra’s default under the
security agreement.  Woodhaven sued Guerra for past due lease payments for the
lot on which the home was situated.  Appellees moved for summary judgment
contending that they had conclusively proved their claims.

          Appellees
presented as evidence a Retail Sales Contract for Mobile Home showing that
Guerra agreed to purchase a used mobile home from “Texas Finest Mfg Housing,
Inc.” with the purchase price to be paid in monthly installments.  The contract
contains a security agreement and a provision allowing the grantee to foreclose
through court in an event of default.  Also attached is an assignment of Texas
Finest’s interest in the contract to M.H. Equities.

          Included
as summary judgment evidence is a notice of default and right to cure from
“Curtis K. Harshaw, Agent” on behalf of M.H. Equities to Guerra dated October
13, 2010 and stating that Guerra owed $535.86, a little over two months’
payments on the note, and a notice of acceleration of the debt dated December
21, 2010, showing the balance on the note as $15,147.38 less any unearned
interest or unearned other charges.  Harshaw averred in an attached affidavit
that Guerra owed “$20,644.60 ($14,499.55 in principal and $1,145.05 in interest
and in escrow)” on the sales contract.  Appended to the affidavit are M.H. Equities’
records of amounts owed by Guerra and how the total was calculated.  None of
these pages shows what amounts are included to bring the total owed to
$20,644.60.

The
lease from Woodhaven to Guerra was also attached.  Harshaw, also as an agent
for Woodhaven, averred that Guerra owed Woodhaven $1,889.60 in past due rent;
appended to his affidavit is a printout detailing the amounts owed.  Included
in the monthly charges are $100.00 per month in late fees beginning in
September 2010, the first month Guerra stopped paying rent, and $25.00 per
month for a month-to-month rental fee.

The
trial court rendered a judgment giving M.H. Equities possession of the home,
foreclosing M.H. Equities’ lien on the home, and awarding M.H. Equities $20,644.60
as actual damages.  The judgment also awards Woodhaven $1,889.60 in damages.

Standard
of Review

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A plaintiff is entitled
to summary judgment on a cause of action if it conclusively proves all
essential elements of the claim.  See Tex. R. Civ. P. 166a(a), (c); MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).

Analysis

Guerra
first contends that the trial court erred by granting summary judgment without
considering the counterclaims raised in her answer.  But the matters raised in
Guerra’s answer are more in the nature of defenses or affirmative defenses
rather than counterclaims.  Because Guerra did not respond to appellees’ motion
for summary judgment with evidence sufficient to raise a fact issue on any of
those matters, the trial court did not err by granting summary judgment despite
her having raised those issues in her answer.[2]  See Nichols v. Smith,
507 S.W.2d 518, 520 (Tex. 1974); Barrand, Inc. v. Whataburger, 214
S.W.3d 122, 143 & n.6 (Tex. App.––Corpus Christi 2006, pet. denied).

Guerra
also contends that the trial court should not have granted damages to appellees
without a trial on unliquidated damages.  Summary judgment is rarely viewed as
appropriate when the issue is inherently one for the jury or judge to decide in
cases involving unliquidated damages.  Moeller v. Fort Worth Capital Corp.,
610 S.W.2d 857, 862 (Tex. Civ. App.––Fort Worth 1980, writ ref’d n.r.e.) (op.
on reh’g).  However, a secured creditor is entitled to seek judicial foreclosure
of its security interests and may also obtain a summary judgment for
foreclosure and any accelerated amount due under a security agreement.  Tex.
Bus. & Com. Code Ann. § 9.601 (West 2011); Knight Aerospace Prods., Inc.
v. Gittinger, No. 04-07-00525-CV, 2008 WL 1733252, at *2 (Tex. App.––San
Antonio 2008, no pet.) (mem. op.); Conseco Fin. Servicing Corp. v. Cabrera,
190 S.W.3d 41, 43 (Tex. App.––Amarillo 2005, no pet.).  Here, M.H. Equities
proved that Guerra defaulted under the sales contract and security agreement,
thereby entitling it to foreclosure and possession of the mobile home.  See
Tex. Bus. & Com. Code Ann. § 9.601(a)(1); Conseco Fin. Servicing,
190 S.W.3d at 42–43.  But because the trial court also awarded M.H. Equities
the balance of the note and awarded Woodhaven damages for breach of the lease,
we must determine whether those damages were appropriate.

Typically,
a balance on a promissory note is a liquidated damage because the difference
between the amount of indebtedness alleged to be due and the face amount of the
note does not create ambiguity or raise a question of fact regarding payment
credits.  In re N. Natural Gas Co., 327 S.W.3d 181, 187 (Tex. App.––San
Antonio 2010, orig. proceeding [mand. denied]) (op. on reh’g); Watson v.
Sheppard Fed. Credit Union, 589 S.W.2d 742, 744 (Tex. Civ. App.––Fort Worth
1979, writ ref’d n.r.e.).  Here, however, the summary judgment evidence itself
raises a fact issue as to how much Guerra owed appellees.  Unlike other cases
in which damages can be calculated as a matter of law based on the face amounts
of the note and the pleadings,[3] here it is unclear how M.H.
Equities calculated that Guerra owed $20,644.60.  At most, it proved that
Guerra owed $15,644.60, the amount of the accelerated unpaid amounts due on the
note, plus interest.[4]  Nowhere in the summary
judgment evidence is the additional $5,000 accounted for.[5] 
See Gonzalez v. Temple-Inland Mortg. Corp., 28 S.W.3d 622, 625–26 (Tex.
App.––San Antonio 2000, no pet.).  Moreover, the breakout of the amounts due
under the lease includes amounts past due for a month-to-month rental fee;
however, such an amount is not included in the lease agreement also attached to
the summary judgment.  See Tully v. Citibank, 173 S.W.3d 212, 216–17
(Tex. App.––Texarkana 2005, no pet.).  We conclude and hold that appellees did
not prove their entitlement to summary judgment for amounts due on the sales
contract and lease.  Thus, we sustain Guerra’s sole issue.

Conclusion

Having
sustained Guerra’s sole issue, we reverse the part of the trial court’s
judgment awarding $20,644.60 to M.H. Equities and $1,889.60 to Woodhaven and
awarding attorney’s fees for trial and appeal to both.[6] 
We remand this case to the trial court for a new trial on damages and
attorney’s fees.  We affirm the remainder of the judgment ordering foreclosure
and giving appellees possession of the property.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; WALKER and MCCOY, JJ.

 

DELIVERED:  June 14, 2012









[1]See Tex. R. App. P. 47.4.





[2]One of these is that
Guerra was entitled to a homestead exemption on the property for taxation
purposes.  But entitlement to a homestead exemption does not preclude
enforcement of a purchase money lien.  See Tex. Prop. Code Ann. § 41.001
(West Supp. 2011).





[3]See, e.g., In re
N. Natural Gas Co., 327 S.W.3d at 187; FFP Mktg. Co. v. Long Lane Master
Trust IV, 169 S.W.3d 402, 411 (Tex. App.––Fort Worth 2005, no pet.)
(holding that affidavit setting forth total balance due on note is generally
sufficient to sustain summary judgment and detailed proof of balance is not
required); Hudspeth v. Investor Collection Serv. Ltd. P’ship, 985 S.W.2d
477, 479 (Tex. App.––San Antonio 1998, no pet.) (holding that bank employee’s
affidavit setting forth total balance due was sufficient to support summary
judgment).





[4]However, M.H. Equities may
not be entitled to even that much; the default paragraph of the sales contract
provides that if the note is accelerated, the maker is entitled to a refund
credit “calculated in the same manner as prepayment.”  The prepayment section
states that in the event of prepayment, the maker “shall receive a refund
credit representing the unearned Finance Charge computed pursuant to the
‘actuarial method.’”





[5]$5,000 is the amount of
attorney’s fees pleaded for by appellees’ counsel, but the trial court awarded
that amount separately in the judgment.





[6]See Barker v. Eckman,
213 S.W.3d 306, 313–15 (Tex. 2006).  In addition, the award of appellate
attorney’s fees is impermissible because it is not conditioned on the success of
any appeals by Guerra.  Sundance Minerals, L.P. v. Moore, 354 S.W.3d
507, 515 (Tex. App.––Fort Worth 2011, pet. denied).