

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00261-CV

---

BRENDA S. GUERRA                                          APPELLANT

V.

M.H. EQUITIES, LTD. AND                                   APPELLEES
WOODHAVEN MHC, LTD.

----------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Brenda S. Guerra contends that the trial court erred by granting summary judgment for M.H. Equities, Ltd. and Woodhaven MHC, Ltd. on an unliquidated damages claim. We affirm in part and reverse and remand in part.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

M.H. Equities sued Guerra under a "Retail Installment Contract/Security Agreement" for foreclosure of its security interest in Guerra's manufactured home or in the alternative possession of the home because of Guerra's default under the security agreement. Woodhaven sued Guerra for past due lease payments for the lot on which the home was situated. Appellees moved for summary judgment contending that they had conclusively proved their claims.

Appellees presented as evidence a Retail Sales Contract for Mobile Home showing that Guerra agreed to purchase a used mobile home from "Texas Finest Mfg Housing, Inc." with the purchase price to be paid in monthly installments. The contract contains a security agreement and a provision allowing the grantee to foreclose through court in an event of default. Also attached is an assignment of Texas Finest's interest in the contract to M.H. Equities.

Included as summary judgment evidence is a notice of default and right to cure from "Curtis K. Harshaw, Agent" on behalf of M.H. Equities to Guerra dated October 13, 2010 and stating that Guerra owed $535.86, a little over two months' payments on the note, and a notice of acceleration of the debt dated December 21, 2010, showing the balance on the note as $15,147.38 less any unearned interest or unearned other charges. Harshaw averred in an attached affidavit that Guerra owed "$20,644.60 ($14,499.55 in principal and $1,145.05 in interest and in escrow)" on the sales contract. Appended to the affidavit are M.H. Equities' records of amounts owed by Guerra and how the total was calculated.

None of these pages shows what amounts are included to bring the total owed to $20,644.60.

The lease from Woodhaven to Guerra was also attached. Harshaw, also as an agent for Woodhaven, averred that Guerra owed Woodhaven $1,889.60 in past due rent; appended to his affidavit is a printout detailing the amounts owed. Included in the monthly charges are $100.00 per month in late fees beginning in September 2010, the first month Guerra stopped paying rent, and $25.00 per month for a month-to-month rental fee.

The trial court rendered a judgment giving M.H. Equities possession of the home, foreclosing M.H. Equities' lien on the home, and awarding M.H. Equities $20,644.60 as actual damages. The judgment also awards Woodhaven $1,889.60 in damages.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential

3

elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

## Analysis

Guerra first contends that the trial court erred by granting summary judgment without considering the counterclaims raised in her answer. But the matters raised in Guerra's answer are more in the nature of defenses or affirmative defenses rather than counterclaims. Because Guerra did not respond to appellees' motion for summary judgment with evidence sufficient to raise a fact issue on any of those matters, the trial court did not err by granting summary judgment despite her having raised those issues in her answer.[2] *See Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex. 1974); *Barrand, Inc. v. Whataburger*, 214 S.W.3d 122, 143 & n.6 (Tex. App.—Corpus Christi 2006, pet. denied).

Guerra also contends that the trial court should not have granted damages to appellees without a trial on unliquidated damages. Summary judgment is rarely viewed as appropriate when the issue is inherently one for the jury or judge to decide in cases involving unliquidated damages. *Moeller v. Fort Worth Capital Corp.*, 610 S.W.2d 857, 862 (Tex. Civ. App.—Fort Worth 1980, writ ref'd n.r.e.) (op. on reh'g). However, a secured creditor is entitled to seek judicial foreclosure of its security interests and may also obtain a summary judgment for foreclosure

---

[2]One of these is that Guerra was entitled to a homestead exemption on the property for taxation purposes. But entitlement to a homestead exemption does not preclude enforcement of a purchase money lien. *See* Tex. Prop. Code Ann. § 41.001 (West Supp. 2011).

4

and any accelerated amount due under a security agreement. Tex. Bus. & Com. Code Ann. § 9.601 (West 2011); *Knight Aerospace Prods., Inc. v. Gittinger*, No. 04-07-00525-CV, 2008 WL 1733252, at *2 (Tex. App.—San Antonio 2008, no pet.) (mem. op.); *Conseco Fin. Servicing Corp. v. Cabrera*, 190 S.W.3d 41, 43 (Tex. App.—Amarillo 2005, no pet.). Here, M.H. Equities proved that Guerra defaulted under the sales contract and security agreement, thereby entitling it to foreclosure and possession of the mobile home. *See* Tex. Bus. & Com. Code Ann. § 9.601(a)(1); *Conseco Fin. Servicing*, 190 S.W.3d at 42–43. But because the trial court also awarded M.H. Equities the balance of the note and awarded Woodhaven damages for breach of the lease, we must determine whether those damages were appropriate.

Typically, a balance on a promissory note is a liquidated damage because the difference between the amount of indebtedness alleged to be due and the face amount of the note does not create ambiguity or raise a question of fact regarding payment credits. *In re N. Natural Gas Co.*, 327 S.W.3d 181, 187 (Tex. App.—San Antonio 2010, orig. proceeding [mand. denied]) (op. on reh'g); *Watson v. Sheppard Fed. Credit Union*, 589 S.W.2d 742, 744 (Tex. Civ. App.—Fort Worth 1979, writ ref'd n.r.e.). Here, however, the summary judgment evidence itself raises a fact issue as to how much Guerra owed appellees. Unlike other cases in which damages can be calculated as a matter of law based

on the face amounts of the note and the pleadings,[3] here it is unclear how M.H. Equities calculated that Guerra owed $20,644.60. At most, it proved that Guerra owed $15,644.60, the amount of the accelerated unpaid amounts due on the note, plus interest.[4] Nowhere in the summary judgment evidence is the additional $5,000 accounted for.[5] *See Gonzalez v. Temple-Inland Mortg. Corp.*, 28 S.W.3d 622, 625–26 (Tex. App.—San Antonio 2000, no pet.). Moreover, the breakout of the amounts due under the lease includes amounts past due for a month-to-month rental fee; however, such an amount is not included in the lease agreement also attached to the summary judgment. *See Tully v. Citibank*, 173 S.W.3d 212, 216–17 (Tex. App.—Texarkana 2005, no pet.). We conclude and hold that appellees did not prove their entitlement to summary judgment for

---

[3]*See, e.g.*, *In re N. Natural Gas Co.*, 327 S.W.3d at 187; *FFP Mktg. Co. v. Long Lane Master Trust IV*, 169 S.W.3d 402, 411 (Tex. App.—Fort Worth 2005, no pet.) (holding that affidavit setting forth total balance due on note is generally sufficient to sustain summary judgment and detailed proof of balance is not required); *Hudspeth v. Investor Collection Serv. Ltd. P'ship*, 985 S.W.2d 477, 479 (Tex. App.—San Antonio 1998, no pet.) (holding that bank employee's affidavit setting forth total balance due was sufficient to support summary judgment).

[4]However, M.H. Equities may not be entitled to even that much; the default paragraph of the sales contract provides that if the note is accelerated, the maker is entitled to a refund credit "calculated in the same manner as prepayment." The prepayment section states that in the event of prepayment, the maker "shall receive a refund credit representing the unearned Finance Charge computed pursuant to the 'actuarial method.'"

[5]$5,000 is the amount of attorney's fees pleaded for by appellees' counsel, but the trial court awarded that amount separately in the judgment.

amounts due on the sales contract and lease. Thus, we sustain Guerra's sole issue.

## Conclusion

Having sustained Guerra's sole issue, we reverse the part of the trial court's judgment awarding $20,644.60 to M.H. Equities and $1,889.60 to Woodhaven and awarding attorney's fees for trial and appeal to both.[6] We remand this case to the trial court for a new trial on damages and attorney's fees. We affirm the remainder of the judgment ordering foreclosure and giving appellees possession of the property.


                                        TERRIE LIVINGSTON
                                        CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DELIVERED: June 14, 2012

---

[6]*See Barker v. Eckman*, 213 S.W.3d 306, 313–15 (Tex. 2006). In addition, the award of appellate attorney's fees is impermissible because it is not conditioned on the success of any appeals by Guerra. *Sundance Minerals, L.P. v. Moore*, 354 S.W.3d 507, 515 (Tex. App.—Fort Worth 2011, pet. denied).